## No. 9842.

SUCCESSION OF THEODORE SCHULTZ.—ON RULE TO COMPEL THE PURCHASER TO ACCEPT TITLE.

The effect of a judgment in favor of the complaining creditor in a revocatory action, is to annul the contract assailed in so far as its effects concern him. C. C. Art. 1977.

In case the contract thus avoided be a sale, the effect of the judgment is to subject the property thereby transferred to the execution of the judgment held by the creditor against the vendor. But beyond that, the title of the vendee is not affected or impaired, and it does not revert to the original vendor.

Hence the succession of the vendor, whose sale to another has been avoided in a revocatory action, is not thereby reinvested with title to such property, and the adjudicatee at a succession sale of property thus situated cannot be compelled to accept such title.

APPEAL from the Civil District Court for the Parish of Orleans. Houston, J.

Gus. A. Breaux for Plaintiff and Appellee.

B. McCloskey for Defendant and Appellant.

The opinion of the Court was delivered by

POCHÉ, J.  George McCloskey appeals from a judgment ordering him to accept title of a piece of immovable property adjudicated to him at the succession sale of the deceased.

His contention is that the succession had no legal title to the property.

The salient facts are that a sale made of said property in January, 1883, by Theodore Schultz to Anne Kraemer, had been judicially assailed as simulated and fraudulent by William Mackesy, a judgment creditor of the vendor, and the litigation resulted in a judgment which annulled the sale in so far as the complaining creditor was concerned, and subjected the property to execution of his judgment. On appeal that judgment was affirmed by this Court.  Mackesy vs. Schultz, 38 Ann. 385.  Schultz having died during the pendency of the action, the public administrator, who had taken charge of his succession, was made a party thereto.

After this judgment the property was inventoried and was in due course offered for sale and adjudicated, as depending upon the succession of Theodore Schultz.

The question presented for solution is whether the judgment rendered in the case of Mackesy vs. Schultz et al. had the legal effect of reinvesting the succession of Schultz with title to the property in question.

From the language of the decree rendered therein, as interpreted and affirmed by. this Court, it is quite clear that Mackesy's suit was characterized and treated as a revocatory action. Hence the effect of the judgment must be tested under the provisions of Article 1977 of the Civil Code, which reads: "The judgment in this action, if maintained, shall be that the contract be avoided as to its effects on the complaining creditors and that all the property or money taken from the original debtor's estate, by virtue thereof, or the value of such property to the amount of the debt, be applied to the payment of the plaintiff."

It therefore follows that under the effect of the judgment, the title of Anne Kraemer to the property was not disturbed further than to subject it to the execution of Mackesy's judgment. By paying that judgment, she would have remained the undisputed owner of the property, with all the rights of ownership and possession which she had acquired under the act of sale by Schultz to her, and no other creditor, and no heir of the latter could have claimed any benefit or advantage against her as a result or consequence of the Mackesy judgment.

It is also clear and equally undeniable that, if Schultz had not died, and an execution had issued in favor of Mackesy, any surplus realized at the sale over and above the amount of the latter's judgment, would have been the lawful property of Anne Kraemer and not of Schultz.

These views are not only supported by the plain words of the text of the article, but they are in full keeping with our uniform jurisprudence on the subject. Labauve vs. Boudreau, 9 Rob. 28; Lucas vs. Damond, 11 Ann. 169; Loeb and Bloom vs. Arent, 33 Ann. 1085; ·Zuberbier & Behan vs. Morse, 36 Ann. 970; 1 La. 504, Atwill vs. Belden & Co.

From those premises it is therefore safe to conclude that the succession of Schultz had not been reinvested with title to the property, that the same had been erroneously inventoried and offered for sale as property of that succession, and that the title tendered to McCloskey, the adjudicatee, is a nullity which our law will not compel him to accept.

We note the line of argument followed by appellee's counsel, who

strongly suggests the serious difficulty in the way of executing Mackesy's judgment, on the ground that a writ of execution will not issue against a succession, and for the reason that Mackesy holds no moneyed judgment which he can execute against Anne Kraemer, so as to reach the property on which he has acquired legal rights.

But these are matters with which we have no concern in the proceeding, and under the restricted issue involving alone the question of the validity of the title tendered to McCloskey.

Under our system of laws there is no right without a remedy, and whenever Mackesy adopts the proper remedy, which does exist, he will find the courts ready to sustain him.

We therefore hold that the judgment which condemns the adjudicatee to accept a title which has no existence in law or in fact is erroneous.

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and that the rule taken against George McCloskey to compel him to accept title to the property described in said rule be discharged and dismissed at appellee's costs in both courts.