KNOOP v. KELSEY *et al.*, *Plaintiffs in Error*

1. **Estoppel**: FRAUDULENT CONVEYANCES. A judgment creditor who sells an equity of redemption under execution thereby admits the validity of the mortgage and is estopped to thereafter assail it as having been made in fraud of creditors.

2. ———: PLEADING. A party is bound by statements made in his own pleading.

*Error to Cole Circuit Court.*—HON. E. L. EDWARDS, Judge.

REVERSED AND REMANDED.

*Smith, Silver & Brown* and *A. L. Thomas* for plaintiffs in error, C. T. and J. B. Kelsey and Nixon.

(1) The evidence fails to sustain the charge of fraud made in the petition. Fraud must be proved not conjectured. *Hausman v. Hope*, 20 Mo. App. 193; *Priest v. Wray*, 87 Mo. 16; *Funkhouser v. Lay*, 78 Mo. 458; *Loomis v. Higgins*, 5 W. Rep. (Mo.) 408; *Henderson v. Henderson*, 55 Mo. 534. It is not required of

a purchaser to inquire into the motives of a vendor in making a sale. *State v. Merritt*, 70 Mo. 275. (2) A sale with the intent to defraud, hinder and delay creditors is valid in favor of *bona fide* purchasers for a valuable consideration. *Dougherty v. Cooper*, 77 Mo. 528; *Durkee v. Chambers*, 57 Mo. 575; *Henderson v. Henderson*, 55 Mo. 534. Relationship is not a badge of fraud. *State v. True*, 20 Mo. App. 176; Bump on Fraudulent Conveyances, p. 56. Fraud will not be inferred from the fact of insolvency. *State v. Merritt*, 70 Mo. 275. A deed valid in its creation will not be invalidated by any subsequent fraudulent or illegal acts of the grantee. *Gates v. Lebaumme*, 17 Mo. 17. (3) An embarrassed creditor may dispose of his property to raise means to pay off his creditors. *Dougherty v. Cooper*, 77 Mo. 531; *Singer v. Goldenburg*, 17 Mo. 566. (4) The creditor, plaintiff here, having elected to sell J. B. Kelsey's equity of redemption, *i. e.*, the land subject to the mortgage, he thereby affirmed its validity and is now estopped to deny the same. *Freeland v. Freeland*, 102 Mass. 478; *Russell v. Dudley*, 3 Met. 147; *Flanders v. Jones*, 10 Fost. (N. H.) 155; *Mc Whortee v. Huling*, 3 Dana (Ky.) 349; *Brown v. Snell*, 46 Me. 490; *Messmore v. Huggard*, 46 Mich. 563; Bigelow, Estoppel, p. 502. A party must abide by the case made by his own pleadings, and is estopped to deny any averment therein. *Lenox v. Harrison*, 88 Mo. 491; *Speck v. Riggin*, 40 Mo. 406.

*Cosgrove & Johnston* for plaintiff in error, Huffman.

(1) If the deed of trust was fraudulent as to creditors it was as to them void and created no equity of redemption liable to be taken on execution. 2 Hilliard on Mortgages [3 Ed.] p. 290, sec. 34; *Bullard v. Hinckley*, 6 Greenl. 289; 20 Am. Dec. 304. (2) By the levy and sale to defendant Huffman of the lands under execution, Huffman succeeded to all the rights of the plaintiff in

Knoop v. Kelsey.

the executions, and he alone can set up the invalidity of the deed of trust. *Gentry v. Robinson*, 55 Mo. 260 ; *Eastman v. Schettler*, 13 Wis. 362 ; *Freeland v. Freeland*, 102 Mass. 475 ; *Dwinell v. Purley*, 32 Maine, 197 ; *Gibbs v. Thayer*, 6 Cush. 30 ; *Sands v. Hildreth*, 14 Johns. 493 ; Bump on Fraud. Con., p. 463, *et seq.* ( 3 ) There is nothing in the levy as shown by the return of the sheriff on the executions nor in the deed of the sheriff to Huffman to indicate a sale only of the equity of redemption, or that the sale was made subject to the deed of trust ; and what was in fact levied upon and sold is determined by the levy and the terms of the deed. And the interest levied upon and conveyed cannot be varied, enlarged or diminished by parol testimony. But even had the levy and sale under the executions been made in terms subject to the Kelsey deed of trust this would have been a recognition by the plaintiff in the execution of the validity of the mortgage, and he could not afterwards set up the contrary. 2 Hilliard on Mortgages [ 3 Ed.] p. 290, sec. 34, *et seq.; Bullard v. Hinckley*, 6 Greenl. 289 ; *Perry v. Richardson*, 5 Allen, 107. ( 4 ) It was at the option of the execution creditor to treat the deed of trust as void for fraud upon his rights, and to levy upon and sell the entire estate, or to treat the deed of trust as valid, and sell the right of redemption, but he could not do both. *Russell v. Dudley*, 3 Met. 147 ; *Freeland v. Freeland*, 102 Mass. 478 ; Freeman on Executions, sec. 382 ; *Brown v. Snell*, 46 Maine, 490 ; *Adams v. Barnes*, 17 Mass. 365.

*B. R. Richardson, Edwards & Davison* and *Draffen & Williams* for defendant in error.

( 1 ) The evidence is sufficient to justify the finding of the trial court, that the note and deed of trust were delivered, and the various transfers of the note were made, to prevent the same or its proceeds from

being reached by the creditors of John B. Kelsey, and that in reality said note and deed of trust are held for his use and benefit. Bump on Fraud. Conveyances [2 Ed.] p. 483; *Arnholdt v. Hartwig*, 73 Mo. 485; *Crow v. Beardsly*, 68 Mo. 435; *King v. Moon*, 42 Mo. 551; *Baldwin v. Whitcomb*, 71 Mo. 651; *Renney v. Williams*, 89 Mo. 139; *Hopkins v. Sewert*, 58 Mo. 201.; *Burgert v. Borchert*, 59 Mo. 80; *Mabary v. McClurg*, 74 Mo. 575; *Erskine v. Loewenstein*, 82 Mo. 301; *Chapman v. McIlwrath*, 77 Mo. 38. (2) The sheriff's sale to Huffman will not prevent a court of equity from subjecting the mortgage debt to the payment of plaintiff's judgment. *First.* The sale having been made subject to the lien of the mortgage, the purchaser as such cannot now dispute its validity. *Messmore v. Huggard*, 46 Mich. 558; Jones on Mortgages, sec. 744; *Wagner v. Jones*, 7 N. Y. (Daly) 375; *Conkling v. Machine, etc.*, 55 How. P. R. 269; *Cramer v. Leper*, 26 Ohio St. 59; Jones on Chattel Mortgages, sec. 346. *Second.* Plaintiff is not estopped to maintain his action because of the sheriff's sale. Bump on Fraud. Conveyances [2 Ed.] 464; *Galbreath v. Newton*, 30 Mo. App. 380; *Bales v. Perry*, 51 Mo. 449; *St. Louis v. Ferry Co.*, 88 Mo. 615; *Weise v. Moore*, 22 Mo. App. 530. (3) "A court of equity adapts its relief to the exigencies of the case in hand." It will reach and apply any and every species of the debtor's property, fraudulently covered up though it may be, to the payment of his debts. Equity looks at the substance and administers substantial justice. Bump on Fraud. Conveyances [2 Ed.] pp. 250 and 589; *Luce v. Barnum*, 1 W. Rep. 732; *King v. Beeson*, 6 Cent. Rep. 559; *Crawford v. Kirksey*, 28 Am. Rep. 704; *Farlin v. Look*, 56 Am. Rep. 100; *Murther v. Curley*, 90 N. Y. 372; *Kramer v. McCaughey*, 11 Mo. App. 426.

BLACK, J.—This is a suit in equity brought by C. H. Knoop against J. B. Kelsey, Charles T. Kelsey,

Charles D. Nixon and Green Huffman. There was a decree for the plaintiff. It is insisted that the second amended petition, upon which the cause was tried, fails to state any cause of action, and this question runs through the whole case, so that it must be determined at the outset.

The facts stated are these: That on the twentieth of July, 1882, the defendant, J. B. Kelsey, was a banker at Versailles in Morgan county in this state; that he held himself out to be solvent when, in fact, he was insolvent; that he owned four hundred acres of land in that county, and on the twenty-second of July, 1882, made a deed of trust thereon to secure his note dated the first of August, 1882, for $3,000, payable to the defendant, Charles T. Kelsey, in five years after date, and that defendant Nixon is the trustee in the deed of trust; that on the fifth of August, 1882, plaintiff deposited with J. B. Kelsey $2,782, and at that time the deed of trust had not been recorded; that J. B. Kelsey failed on the twenty-second of said month, and his bank was closed by attachments; that the deed of trust to Nixon was made for the sole purpose of defrauding the creditors of J. B. Kelsey; that plaintiff obtained a judgment against J. B. Kelsey at the April term, 1883, for $1,703, being the balance then due upon the deposit, and upon which judgment execution was issued.

The amended petition then goes on to say : " Plaintiff further states that at the October term, 1883, of the Morgan county circuit court, the interest of J. B. Kelsey (being his equity of redemption in said real estate) was sold by the sheriff of Morgan county on several executions issued on several judgments against J. B. Kelsey, including plaintiff's execution; that the sheriff, in his advertised notice of sale, gave special notice that he would sell the land subject to all prior liens and incumbrances, and did also give the same notice to the bidders and bystanders at the sale, and that defendant, Green Huffman, who had been J. B. Kelsey's tenant and friend,

became, for the nominal sum of $285, the purchaser of J. B. Kelsey's equity of redemption, subject to the deed of trust aforesaid, and with full knowledge of the same, it being then on record, and presumed by plaintiff and Huffman and all others to be a good and valid instrument and incumbrance ; that said Huffman immediately entered into the possession of said land, and has ever since remained in possession as owner of J. B. Kelsey's equity of redemption therein ; that the fact of the said deed of trust having been executed and recorded as aforesaid prevented said lands from selling at the sheriff's sale for as large a sum of money as they otherwise would have done, and plaintiff was thereby prevented from realizing the amount of his said judgment out of said lands.''

The prayer is that the deed of trust be declared null and void, and that the titles of Nixon and Charles T. Kelsey, as the pretended trustee and beneficiary, be divested out of them, and that the land be subjected to plaintiff's judgment as the prior lien thereon, and that if said judgment be not paid and satisfied in such time as the court should direct, that the land be sold by the sheriff to satisfy said judgment and costs, and for general relief.

The answer of Chas. T. Kelsey and Nixon is a general denial. Huffman in his separate answer says he purchased the land at a sale on various executions, one of which was in favor of the plaintiff ; that he purchased the land subject to prior liens and incumbrances, and is ready to discharge such mortgages and liens as may be found due.

The court by its decree declared the deed of trust fraudulent as against the plaintiff, and substituted the plaintiff to "the rights of the holder of the note" to the extent of plaintiff's judgment, and then ordered a sale of the land.

This is certainly a novel proceeding. The substance of the case stated in the petition is this : J. B. Kelsey

made a deed of trust on the four hundred acres of land. Thereafter his creditors, the plaintiff being one of them, obtained judgments against him, and under executions issued thereon advertised and in terms sold his equity of redemption and nothing more. The plaintiff now seeks to set aside the deed of trust because it was made in fraud of creditors, and to be substituted in the stead of the fraudulent mortgagee.

Judgment creditors have two remedies against a fraudulent conveyance, be it a deed, or mortgage, or a deed of trust in the nature of a mortgage. They may file their bill to set it aside and subject the land to the payment of their debts ; or they may sell all the right, title and interest of the debtor, and in that case the purchaser succeeds to all of the rights of the creditors to set aside and avoid the fraudulent conveyance. *Lionberger v. Baker*, 88 Mo. 452. A conveyance made in fraud of creditors is as to them void, at their option. They may affirm it, if they see fit to do so. As these creditors in terms sold the equity of redemption, the question arises whether they can now turn around and say that the deed of trust is void as to them, and thus in effect say there was no equity of redemption.

In some of the New England states unincumbered lands are not sold at auction, but are appraised and set off by way of extent to the judgment creditor. If incumbered by mortgage, the equity of redemption may be sold at auction. 2 Freeman on Executions, sec. 372. In several of these states it is held that a purchaser who bids for and buys the equity of redemption cannot dispute the validity of the mortgage, subject to which he purchased, and this is true whether the purchaser be a stranger or the creditor himself. In either case he is estopped to deny the validity of the mortgage, and cannot be heard to say that it was fraudulent as to creditors. *Lord v. Sill*, 23 Conn. 324 ; *Brown v. Snell*, 46 Me. 490 ; *Flanders v. Jones*, 30 N. H. 154 ; *Russell v. Dudley*, 3 Met. 147 ; *Freeland v. Freeland*, 102 Mass.

478. The principle is not confined to those states. In *Messmore v. Huggard*, 46 Mich. 559, a creditor obtained judgment and sold the equity of redemption in the land of the debtor and became the purchaser thereof. He then sought to set aside the mortgage because it was made in fraud of creditors. The court denied the relief and said among other things that a purchase under such circumstances must be held to be what it appeared to be at the sale, a purchase subject to the mortgage.

We have no law in this state requiring lands taken on execution to be appraised, and it is not necessary to sell simply the equity of redemption even in those cases where the incumbrance is conceded to be valid. The usual and proper method is to sell all the right, title and interest of the judgment debtor, and as before stated the purchaser succeeds to all of the rights of the creditor. If, instead of selling all of the right, title and interest of the debtor, the creditor will in terms advertise and sell the equity of redemption, he must abide the consequences. By simply selling the equity of redemption he asserts the validity of the mortgage, for, if fraudulent as to creditors, then as to them there is no equity of redemption to sell. By selling the equity of redemption persons are induced to bid on the supposition that the mortgage is valid, and, as said in the case last cited, the mortgagee has no occasion to bother himself about the sale. The creditor, having induced purchasers and the mortgagee to act upon the supposition that the validity of the mortgage is conceded, ought not to be permitted to change front and assail the mortgage. The creditor is bound by his election as well as the purchaser at the sale. The principle that, where one has an election between inconsistent courses, he will be confined to the one which he first adopts, has been applied in a variety of cases. *McClanahan v. West*, 100 Mo. 309. The plaintiff states in his petition that the equity of redemption only was advertised and sold, and he must abide by his own

pleading. *Lenox v. Harrison,* 88 Mo. 491; *Ramsey v. Henderson,* 91 Mo. 560.

The matters alleged in the plaintiff's pleading furnish no ground for the decree rendered.· In short the amended petition states no cause of action whatever; on the contrary it states the plaintiff out of court. This result disposes of this case and it is unnecessary to consider the question whether in fact the deed of trust is fraudulent.

Thus far we have treated the case as we find it stated in the amended petition. The proofs indicate that the sale was made in the usual way, and that in point of fact the sheriff sold all of the right, title and interest of the execution defendant in the land. Whether that sale was made under such circumstances that it should be set aside and a new sale ordered, or whether plaintiff has any other remedy on a proper petition we do not undertake to say, but the cause will be remanded with leave to the parties to amend their pleadings. Reversed and remanded. BARCLAY, J., absent; the other judges concur.