McDOWELL, receiver, *v.* McMURRIA *et al.*

1. When in a petition filed by creditors a conveyance of property was attacked as being fraudulent and void because it was executed for the purpose of hindering, delaying, and defrauding the creditors of the grantor, and the latter and his grantee in the deed were made parties defendant to the case, and when after a trial on the merits the court in general terms adjudged that such deed for the reason alleged was null and void and that it be delivered into court and cancelled, and when nothing more appears, such decree will be construed as declaring the deed to be null and void as to the complaining creditors, and not as adjudicating the invalidity of the instrument as between the parties thereto.

2. A deed made to defraud creditors, though void as to them, is good between the grantor and the grantee, and the former after executing such deed has no title to the property thereby conveyed, and therefore can not have the same set apart and exempted as a homestead under the laws of this State. "In attempting to place his property beyond the reach of his creditors, he has placed his exemptions beyond his own reach."

Argued May 13, — Decided June 7, 1899.

Injunction.    Before Judge Spence.    Baker county.    March 15, 1899.

*R. H. Powell & Son,* by *Harrison & Bryan,* for plaintiff in error.

LITTLE, J.    The record under which this case is to be determined is very meager and imperfect, and it may be that we are not in full possession of the facts as they transpired on the hearing.    So far as we are able to ascertain, it appears that A. I. McMurria & Son was a mercantile firm engaged in business; that the firm failed; that A. I. McMurria conveyed to A. G. McMurria, trustee for the children of the grantor, certain real and personal property in the county of Baker; that such conveyance was voluntary; that subsequently Everett-Ridley-Ragan Company and other creditors filed a bill against A. I. McMurria and C. C. McMurria, being the firm of A. I. McMurria & Son, and A. G. McMurria, trustee, attacking the deed made to the trustee as fraudulent and void against such creditors; that a decree was rendered in the superior court of Calhoun county, declaring that such deed was null and void, and decreeing and adjudging that said deed be delivered up to be cancelled; that a receiver was appointed and directed to take charge of such real and personal property and sell the same for the benefit of the creditors of A. I. McMurria & Son; that subsequently A. I. McMurria applied to the ordinary of Baker county to have a homestead and exemption set apart to him as the head of a family out of said property, and by the petition which is the foundation of the present case he sought to restrain the receiver from proceeding to sell said property and from turning him out of possession until the said application for homestead could be heard and determined by the ordinary.    The receiver answered the petition, in the nature of a cross-bill, and, having set up the above facts, prayed that the ordinary be enjoined from further proceeding under the application for homestead.    On the hearing, the judge of the superior court refused to enjoin the ordinary, and enjoined the receiver as prayed for in the petition.    The receiver excepted, and we are to determine whether the court erred in granting the injunction.    It is only

necessary, for a proper determination of the case, that two questions should be considered: First, what is a proper construction of the decree which declares the deed made by A. I. McMurria to A. G. McMurria, trustee, null and void? Second, did such deed so divest the title of A. I. McMurria to the property as to prevent the setting apart of a homestead and exemption to him as the head of a family out of the same? The record does not contain a copy of the decree. It is, however, recited that it declared the deed to be null and void, and that it was adjudged that said deed be delivered into court and cancelled. It is further recited, that the proceeding under which such decree was rendered was a creditors' bill, and that the auditor to whom the case was referred reported that such deed was made to hinder, delay, and defraud creditors; and such report was undoubtedly the basis of the decree which was rendered. It will be noted that it was not only filed against the firm of McMurria & Son, the debtors, but also against the trustee to whom the land had been conveyed.

1. We know of no law which declares a conveyance made for the purpose of hindering, delaying, or defrauding creditors absolutely null and void. The provision of the statute, as will be hereafter more fully seen, is that such conveyance, when the intention of the grantor is known to the grantee, is fraudulent and void as to creditors. The proceedings taken to avoid this deed were by the creditors of the grantor; the object had in view was, of course, to subject the property to the claims of the complaining creditors; and when the decree declared that such deed was null and void and that it be delivered up and cancelled, in construing it reference must be had to the pleadings and purposes of the bill, to ascertain the meaning of the decree. The creditors who sought to have the deed invalidated were not concerned with the relation which the law established between the grantor and the grantee of the instrument, but their bill was filed and prosecuted alone for the purpose, so far as this record shows or intimates, of subjecting the property conveyed to the debts of McMurria & Son; and it was not, from anything which we can gather from the record, filed for otherwise testing the title to the land, nor in the interest of any one

save the creditors. Under proceedings above indicated, the court would not have had jurisdiction to declare such an instrument absolutely void, nor for cancelling the same as to all persons. The object of the bill would have been accomplished and the powers of the court legally exercised by decreeing such deed to have been fraudulent and void as to the creditors who were plaintiffs in the petition; and construing it in the light of the pleadings and allegations as given in the record, such is its true meaning and effect. The deed made by A. I. McMurria to A. G. McMurria, trustee, having been made to defraud creditors, was as to them null and void, and the decree is not to be construed to go further and change the legal relation of the parties to the deed of conveyance.

2. It may, however, be said that the provisions of section 2695 of the Civil Code, which is as follows: "The following acts by debtors shall be fraudulent in law against creditors *and others*, and as to them null and void, viz.:   .   .   2. Every conveyance of real or personal estate, by writing or otherwise, and every bond, suit, judgment and execution, or contract of any description, had or made with intention to delay or defraud creditors, and such intention known to the party taking," etc., contemplates and declares that such instruments shall be void as to other persons besides creditors, and that such words are broad enough to cover the parties to the instrument. A brief history of this section of the code will be sufficient to demonstrate that the parties to the instrument are not by law included in the use of the words. Prior to the adoption of the Code of 1863, the validity of conveyances made to defraud creditors was determined by the act of 13th Elizabeth. When that code was adopted, however, such conveyances were declared null and void simply as to creditors (§ 1954). The same restriction was made by section 1942 of the Code of 1868, and by section 1952 of the Code of 1873. While this provision of the Code of 1873 was in force, this court had under consideration the case of *Westmoreland* v. *Powell*, 59 *Ga.* 256. There, Powell sued Westmoreland to recover damages for a trespass. The suit resulted in a judgment in favor of Powell, and the execution issued thereon was levied on property conveyed by the defend-

ant in the suit to Westmoreland, trustee, for the benefit of the wife and children of the grantor. A claim was interposed by the trustee, and it was contended that the deed made to the trustee was made to hinder, delay, and defraud Powell; and the question arose, whether Powell was such a creditor as rendered the deed made for that purpose void as to him. In considering that question, this court held that the statute of 13th Elizabeth was not repealed by section 1952 of the Code of 1873, but that such statute was in force in this State. The statute of the 13th Elizabeth (Schley's Digest, 214) declares that conveyances made for the purpose and with the intent to delay, hinder, or defraud creditors *and others* of their just and lawful actions, suits, debts, accounts, damages, etc., are void. Following this decision, the compilers of the Code of 1895 added to the section found in the Code of 1882 the words "*and others,*" thus making our present code read that such acts by debtors are fraudulent only against creditors and others and as to them null and void. The term "and others," found in this section, simply means to include with creditors such persons, other than creditors, who have any rightful claim or demand against the grantor for which such person is entitled to have a judgment in any court of law or equity. A clear enunciation of the statute of the 13th Elizabeth is, that such conveyances are void only as to such persons.

These being the provisions of our statute, and there being no rule of the common law which declared conveyances made to hinder or delay creditors void, it would seem scarcely necessary to cite authority to support the doctrine that such conveyances are not invalid between the parties to the instrument. Mr. Bump in his treatise on Fraudulent Conveyances (4th ed.), § 432, declares: "The statute was designed solely to protect the rights of creditors, and consequently it renders a fraudulent transfer void only as against them, and makes no provision whatever in regard to its effect between the parties." In section 433 of the same work, the author declares that "A fraudulent transfer is good as against the grantor, his heirs, executors, administrators, parties claiming under him, and his agents, vendees, and grantees." See also § 449. Our own court has

recognized this well-established rule in a number of cases. In that of *Bush* v. *Rogan*, 65 *Ga.* 320, it is held: "Though a deed be made to defraud creditors, neither the vendor nor those in privity with him will be allowed to set up this fact to defeat an action of ejectment brought by the vendee. The deed is good as between the parties thereto and those in privity with them, though void as to creditors." See also *Parrott* v. *Baker*, 82 *Ga.* 364; *Tufts* v. *DuBignon*, 61 *Ga.* 322; *Fouche* v. *Brower*, 74 *Ga.* 251. Under our statute, a homestead could, on the application of McMurria, only be set apart for the benefit of his family out of his own property. Civil Code, § 2828. Inasmuch, however, as, prior to his application, the title by his own voluntary act had passed out of him, it follows that such homestead could not legally be granted. This is true whether the deed of conveyance was made with a good or a fraudulent intent. Cassell *v.* Williams, 12 Ill. 387; Sumner *v.* Sawtelle, 8 Minn. 309; Huey's Appeal, 29 Pa. St. 219. In re Graham, 2 Bissell's Reports, 449, the court ruling on this question said, "In attempting to place his property beyond the reach of his creditors, he has placed his exemptions beyond his own reach." It follows, from what has been said, that the receiver should not have been restrained from the execution of the decree of the superior court of Calhoun county to sell the property, because of the application of McMurria for homestead. It was not necessary that an injunction should issue to restrain the ordinary from setting apart the homestead applied for. The presumption is that the ordinary in passing on the application will do so according to law, and in the exercise of the judicial power vested in him would refuse to approve the application, because of the want of a right in the applicant to have property set aside as a homestead for his family, to which he has no title. *Judgment reversed. All the Justices concurring.*