---

### BYRD v. HALL et al. †

(Circuit Court of Appeals, Eighth Circuit. May 6, 1912.)

#### No. 3,659.

1. FRAUDULENT CONVEYANCES (§ 172*)—VALIDITY OF DEED AS BETWEEN PARTIES AND PRIVIES.

A deed of lands is effective to pass title and binding on the grantor, his heirs, executors, and administrators, even if made with intent to hinder, delay, or defraud creditors.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 523–529, 542; Dec. Dig. § 172.*]

2. EXECUTORS AND ADMINISTRATORS (§ 57*)—PROPERTY CONSTITUTING ASSETS —PROPERTY FRAUDULENTLY CONVEYED.

Under the laws of Missouri, lands fraudulently conveyed form no part of the estate of deceased grantors, and the probate court has no jurisdiction to order them sold for the payment of debts, and, if such an order is made, an administrator's deed executed thereunder conveys no title or interest.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 66, 117; Dec. Dig. § 57.*]

3. FRAUDULENT CONVEYANCES (§ 315*)—DECREE SETTING ASIDE—PERSONS ENTITLED TO CLAIM BENEFIT.

A decree in a creditor's suit setting aside a deed as fraudulent so far as necessary to secure the debts of the complainants does not affect the validity of the conveyance beyond its terms, so far as the parties thereto, or other creditors who have not asked relief, are concerned.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 973–975; Dec. Dig. § 315.*]

In Error to the Circuit Court of the United States for the Eastern District of Missouri.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

† Rehearing denied July 22, 1912.

Action at law by Abraham R. Byrd against George Allen Hall and the Decatur Egg Case Company. Judgment for defendants, and plaintiff brings error. Reversed.

Wilson Cramer and R. B. Oliver, Sr., for plaintiff in error.

Martin L. Clardy and Robert A. Anthony, for defendants in error.

Before SANBORN, ADAMS, and CARLAND, Circuit Judges.

CARLAND, Circuit Judge. This is an action of ejectment for section 6, township 16, range 8, Dunklin county, Mo., and for rents and profits. A jury being waived, the cause came on for trial before the court, and judgment was rendered in favor of the defendants. The trial court, upon the conceded facts, was requested by the plaintiff to declare the law in his favor, which requests being refused, exceptions were taken, and the case is now here on writ of error. The undisputed facts upon which the correctness of the judgment depends, are as follows:

May 24, 1871, William S. Sugg, being the owner of 20,000 acres of land in Dunklin county, Mo., including the land in controversy, conveyed the same by warranty deed to his brother, Wylie P. Sugg. William S. Sugg died in the year 1873. In April, 1875, a number of his creditors who had obtained judgments against him brought a suit in equity in the circuit court of Dunklin county, Mo., entitled, "St. Francis Mill Company et al. v. Wylie P. Sugg," 169 Mo. 136, 69 S. W. 360, to set aside the deed above mentioned, and to subject the real estate therein described to the payment of such judgments, charging that said deed had been made without consideration and in fraud of the creditors of William S. Sugg. Such proceedings were thereafter had in such action that at the August term, 1880, of the circuit court of Dunklin county, a decision was rendered therein declaring said deed of May 24, 1871, fraudulent and void as to the plaintiffs therein as creditors of William S. Sugg. The material part of the decree rendered is as follows:

"At the date of the making of the conveyance in the petition set forth, from William S. Sugg to Wylie P. Sugg, the said William S. Sugg was largely indebted to the plaintiffs and others, and that the conveyance from William S. Sugg to Wylie P. Sugg, bearing date the 24th day of May, A. D. 1871, by which the said William S. Sugg conveyed to the said Wylie P. Sugg the following described real estate [here follows description of some 20,000 acres of land embracing lands described in this cause] was made and contrived by and between the said William S. Sugg and Wylie P. Sugg, with intent to hinder, delay, or defraud the creditors of the said William S. Sugg. It is therefore considered, adjudged, and decreed that said deed of conveyance be declared fraudulent and void, and that the same be set aside and for naught held as to the plaintiffs herein as creditors of said William S. Sugg, except as to the following land in said deed described, which are, by agreement of the parties herein, excepted and excluded, and said deed is not set aside as to the following described of said lands. [Here follows description of about 3,000 acres excepted.] "

Without following this cause in its subsequent course through the courts of Missouri, it will only be necessary to state that the litigation was finally ended in 1907 by a decision of the Supreme Court of Missouri upholding and sustaining the decree above mentioned, and di-

recting the circuit court for Jefferson county, Mo., to which the venue of the action had been changed, to enter a decree in conformity therewith. The circuit court of Jefferson county on September 19, 1907, obeyed the mandate of the Supreme Court. It does not appear that the plaintiffs in said action ever took any proceedings therein to satisfy their claims out of the land as to which the deed from William S. Sugg to Wylie P. Sugg was held void.

Soon after the decree of 1880 was rendered, Benjamin T. Walker, as administrator of the estate of William S. Sugg, deceased, caused the lands in regard to which the above conveyance had been held void to be inventoried and appraised as required by law as property of his intestate, and presented his petition in due form of law to the probate court of Dunklin county, praying that said lands be sold for the payment of the debts of said deceased. In pursuance of said petition the probate court did, at its June term, 1881, make an order for the sale of said land at public vendue for the satisfaction of said debts, and, in pursuance of said order, said administrator sold on September 14, 1881, to one George Rogers section 6, township 16, range 8, the real estate in controversy.

The Decatur Egg Case Company claims title from George Rogers by mesne conveyances; the defendant George Allen Hall being its tenant in possession of the land. The plaintiff, Byrd, claims title by mesne conveyances from the heirs of Wylie P. Sugg. It will thus be seen that the correctness of the judgment below depends upon the validity of the sale of the land by the probate court of Dunklin county.

[1] The deed from William S. Sugg to Wylie P. Sugg was effective to pass title, and was binding on the grantor, his heirs, executors, and administrators, even if made with intent to hinder, delay, or defraud creditors. Bump on Frdl. Conv. (2d Ed.) §§ 436, 437, and 438; Stevenson v. Edwards, 98 Mo. 622, 12 S. W. 255; Crook v. Tull, 111 Mo. 283, 20 S. W. 8; Thompson v. Cohen, 127 Mo. 215, 28 S. W. 984, 29 S. W. 885; Charles v. White, 214 Mo. 187, 112 S. W. 545, 21 L. R. A. (N. S.) 481, 127 Am. St. Rep. 674; Hayes v. Fry, 110 Mo. App. 20, 83 S. W. 772; Knapp v. Knapp, 118 Mo. App. 685, 96 S. W. 295; Brasie v. Minneapolis Brewing Co., 87 Minn. 456, 92 N. W. 340, 67 L. R. A. 865, 94 Am. St. Rep. 709.

In the case of Charles v. White, 214 Mo. 202, 112 S. W. 547, 21 L. R. A. (N. S.) 481, 127 Am. St. Rep. 674, supra, the court said:

"No rule of law is more firmly established than that the transfer of property in fraud of creditors, while void as to them, is binding on the parties and those in privity with them. The statutes against fraudulent conveyances are designed to protect the interest of creditors, and were not intended in any manner to affect the rights of the parties themselves to the conveyances. This has been the uniform rule of decision in this state since Van Winkle v. McKee, 7 Mo. 435. Doggett v. Ins. Co., 19 Mo. 201; Whitaker v. Whitaker, 157 Mo., loc. cit. 353, 58 S. W. 5; 14 Amer. & Eng. Ency. Law (2d Ed.) 273, 276, note 3, and cases cited; 20 Cyc. 419, 608."

[2] William S. Sugg died in the year 1873. Having previously conveyed the land in question by deed duly executed, although it may have been fraudulent as to creditors, he had at the time of his death

no title either legal or equitable subject to administration. Under the laws of Missouri, lands fraudulently conveyed form no part of the estate of deceased grantors, and the probate court has no jurisdiction to order them sold for the payment of debts. George v. Williamson, 26 Mo. 190, 72 Am. Dec. 203; Jackman v. Robinson et al., 64 Mo. 289; Hall v. Callahan, 66 Mo. 316, 323; Zoll v. Soper, 75 Mo. 460.

In the case of George v. Williamson, supra, the Supreme Court of Missouri, by Napton, J., says:

"The conveyance of Williamson, however fraudulent against his creditors, was valid against him and his heirs. At his death the land constituted no part of his estate, nor could the administrator, who represented his interests, undertake to set it aside; nor had the county court any jurisdiction over the matter. The sale, therefore, under the order of the county court conveyed no title."

Counsel for the defendants in error in their brief concede the above propositions. They urge, however, the proposition that, although the probate court of Dunklin county would have no jurisdiction to entertain an action for the purpose of setting aside the deed from William S. Sugg to Wylie P. Sugg as being fraudulent as to creditors of William S. Sugg, still, the deed having been avoided by the court having such jurisdiction, the administrator of William S. Sugg could inventory the lands after such deed had been avoided, and sell the same to pay the debts of William S. Sugg. There is a dictum in the case of St. Francis Mill Company v. Sugg, 169 Mo. 136, 69 S. W. 360, which might lend some support to this contention. The language referred to is as follows:

"But there is no authority for the proposition that creditors might not assail a deed made to defraud them by their deceased debtor in his lifetime, and, when the deed is set aside at their suit, that the administrator may not treat the property thus uncovered as assets of the estate."

The question as to whether in such a case the probate court of Missouri would have jurisdiction was not involved in the case in which the language above quoted was used, and we think there is controlling authority to be found in the statutes and decisions of Missouri to the contrary. Section 169, Annotated Statutes of Missouri 1906, vol. 1, provides what an administrator's deed shall contain, and section 172 of the same statutes provides what an administrator's deed shall convey. They are as follows:

"Sec. 169. If Approved, Deed to be Made—Contents—If such report be approved by the court, such sale shall be valid, and the executor or administrator shall execute, acknowledge and deliver to the purchaser a deed, referring in apt and appropriate terms to the order of sale, and the court by which it was made, the certificate of appraisement, the advertisement, the time and place of sale, the report of the proceedings and order of approval thereof by the court, and the consideration, and conveying to the purchaser all the right, title and interest which the deceased had in the same."

"Sec. 172. What Deed Shall Convey—Such deed shall convey to the purchaser all the right, title and interest which the deceased had in such real estate at the time of his death, discharged from liability for his debts, and be evidence of the facts therein recited."

By the express terms of the decree avoiding the deed from William S. Sugg to Wylie P. Sugg the avoidance is limited to the plaintiffs

in that action. Therefore, not only upon general principles of law, but by the terms of the decree itself, no interest in the land conveyed remained in William S. Sugg at the time of his death, nor did the decree do anything more than to authorize the plaintiffs to proceed in the action in which the decree was rendered and have the land sold to pay their claims. If the plaintiffs declined to proceed against the land, no other persons, so far as this record shows, could attack the title of Wylie P. Sugg or his heirs.

[3] A decree voiding a deed as to creditors of the grantor leaves the deed operative between the parties. Such a decree is a decree sub modo and binding only as to such creditors. A judgment which sets aside a conveyance so far as necessary to secure plaintiff's debt does not affect the validity of the conveyance beyond its terms so far as other creditors who have not asked relief are concerned. 20 Cyc. p. 821, citing McDowell v. McMurria, 107 Ga. 812, 33 S. E. 709, 73 Am. St. Rep. 155; Schultz Succession, 39 La. Ann. 505, 2 South. 47; Norton v. Norton, 5 Cush. (Mass.) 524; Knapp v. Crane, 14 App. Div. 120, 43 N. Y. Supp. 513; Dawley v. Brown, 11 N. Y. St. Rep. 260; Boggess v. Scott, 48 W. Va. 316, 37 S. E. 661; Kerr v. Hutchins, 46 Tex. 384.

If a conveyance is set aside by creditors of the grantor, it is set aside only as to such creditors, and does not operate to revest title in the grantor, his heirs, or one claiming under him, and any surplus resulting from the property belongs to the grantee. 20 Cyc. p. 617; Stevenson v. Edwards, 98 Mo. 622, 626, 12 S. W. 255; Needles v. Ford, 167 Mo. 495, 510, 67 S. W. 240; Charles v. White, 214 Mo. 190, 112 S. W. 545, 21 L. R. A. (N. S.) 481, 127 Am. St. Rep. 674; Munday v. Vail, 34 N. J. Law, 418; Bell v. Wilson, 52 Ark. 171, 12 S. W. 328, 5 L. R. A. 370; Bohn v. Weeks, 50 Ill. App. 236; Keeton v. Bandy (Ky.) 74 S. W. 1047; Bump on Frdl. Conv. (2d Ed.) pp. 469, 551; Wait on Frdl. Conv. § 171; 2 Amer. & Eng. Eq. Dec. p. 338; 1 Story's Eq. § 371; Graham v. Railroad Co., 70 U. S. 704, 18 L. Ed. 247; Barnes v. Railroad Co., 122 U. S. 1, 7 Sup. Ct. 1043, 30 L. Ed. 1128.

The administrator's deed to Rogers under which defendants claim title by virtue of the express statutory provision above quoted conveyed only such interest in the land described therein as William S. Sugg had at the time of his death, and, as it clearly appears that he had no interest in the land, the deed conveyed none. Not only this, but the probate court of Dunklin county, on the face of the record, was without jurisdiction to order a sale of the lands for the reason that William S. Sugg in his lifetime had parted with the title to the same, and it never thereafter became a part of his estate, subject to administration in the probate court.

It results from our views as herein expressed that the judgment below must be reversed and a new trial granted; and it is so ordered.