LOUDER, Respondent, v. HUNTER, Appellant.

(163 N. W. 686.)

(File No. 4042.    Opinion filed July 5, 1917.)

1. **Fraudulent Conveyances—Judgment Creditor's Sale of Conveyed Interests and Other Interests—Relief, Measure of—Cancellation of Fraudulent Conveyance, Effect, As to Other Interests of.**

Where M., who inherited a one-fifth interest in certain lots in controversy, conveyed such interest to H., and a judgment creditor of M's. father, in a suit against H., secured cancellation of the conveyance and thereafter levied upon the entire interest in certain of the lots, realizing an amount in excess of M's. interest, H. having meantime purchased the remaining interests in the lots from other heirs, and sold them to innocent purchasers; held, that in a suit by the creditor against H. to recover the value of the interests thus conveyed, H. was not liable to the judgment creditor for the amount in value of said lots above the one-fifth interest formerly held by M.; plaintiff having already realized from them more than M's. interest was worth; nor is the contention that the extent of M's. interest in the lots became res judicata against H. by the decree of concellation, tenable; no such issue having been determined in said suit; it having been the transfer of M's. title and interest in the lots, and that only, that was decreed to be fraudulent; the effect of such decree being to remove the obstruction which prevents the property of the former debtor from being seized and appropriated in satisfaction of creditor's judgment.

2. **Fraudulent Conveyances—Suit to Set Aside, Nature of, Distinguished from Quieting Title—Statute.**

A suit to set aside an alleged fraudulent conveyance of realty, is not an action to quiet title in the judgment creditor, but to subject all debtor's property to satisfaction of creditor's judgment; construing Civ. Code, Sec. 2370, providing that a creditor can avoid the act or obligation of his debtor only where the fraud obstructs the enforcement, by legal process, of his right to take the property affected by the transfer or obligation; and the property affected by the fraudulent transfer can be no other than that owned by the judgment debtor; and the only relief to which the judgment creditor is entitled is a cancellation of the transfer so far as it obstructs enforcement of his judgment.

3. **Fraudulent Conveyances—Setting Aside—What Property Resortable To?—Statute.**

In pursuing his remedy under Civ. Code, Sec. 2370, concerning avoidance by a creditor of the obligation of a debtor who

has. fraudulently conveyed realty, etc., the creditor is entitled
to resort to the property fraudulently transferred, the same
as though the transfer had not been made.

4. **Fraudulent Conveyances—Relief, Against Grantee—Immunity of
Grantee's Property Not So Conveyed.**

In pursuing a creditor's remedy in securing the setting aside
of a fraudulent conveyance of realty, a court of equity should
not undertake to penalize the fraudulent grantee by subjecting
his property not so conveyed to payment of the indebtedness.

5. **Pleadings—Suit Against Fraudulent Debtor's Grantee, After
Sale of Conveyed Property—Allegation of Res Judicata re
Interest Sold—Parties' Estoppel Thereby.**

Where plaintiff, in a suit against a grantee of a grantee of
an alleged fraudulent debtor, to recover for a balance remain-
ing due on plaintiff's judgment after an execution sale of the
property in question pursuant to a previous suit in which the
debtor's conveyance was set aside as fraudulent, **held,** that an
allegation in the complaint that in the previous suit the ex-
tent of the lien upon the entire title to the lots in controversy
became **res judicata** and that he sold the entire title to the
lots under the execution, **held,** upon plaintiff's demurrer to
defendant's answer, which also alleged that full title to the
lots, and not merely an alleged interest of the fraudulent debtor
therein, passed by the conveyance, such allegations, for the
purpose of the demurrer, are sufficient to estop both parties
from disputing that the sale passed full title to the lots sold
under the decree.

Appeal from Circuit Court, Jerauld County. Hon. FRANK B.
SMITH, Judge.

Action by A. N. Louder, against E. E. Hunter to recover
from defendant the amount of an unpaid balance upon plaintiff's
judgment, after an execution sale of the realty in question pur-
suant to a decree setting aside the conveyance of an interest there-
in as fraudulent. From an order sustaining a demurrer to defend-
ant's answer plaintiff appeals. Reversed and remanded.

*Null & Royhl,* for Appellant.

*Laurits Miller, Frank W. Mitchell,* and *H. C. Preston,* for
Respondent.

(1) To point one of the opinion, Appellant cited: 22 Cyc.
1174, Sec. 5.

Respondent cited: Moore on Fraudulent Conveyances, Vol.
2, pp. 680-681; Sheldon v. Parker et al. (Neb.) 95 N. W. 1015;
Noyes et al. vs. Belding et al. (S. D.) 62 N. W. 953.

(2) To point two of the opinion, Respondent cited: Vol. 24, Am. & Eng. Ency. of Law, 784; Tyler v. Capehart, 34 S. E. 108, 125; Dicken v. Hays (Pa.) 7 Atl. 58.

SMITH, J.   Appeal from an order sustaining a demurrer to defendant's answer.   The complaint alleges, in substance, that one Leon S. Miles was the owner of certain lots in the city of Wessington Springs; that he conveyed said lots to the defendant, Hunter, with intent to cheat and defraud his creditors, and particularly the plaintiff; that subsequently plaintiff brought suit against defendant to subject said lots to the payment of a judgment which plaintiff had theretofore obtained against Miles, in October, 1908, and that in the equity suit plaintiff was given a decree canceling said conveyance as fraudulent and void.   Other proceedings in that action are set out in the complaint which are immaterial in the view we take of this case.   Plaintiff also alleges that subsequent to the entry of the judgment canceling said transfer as fraudulent and void plaintiff caused execution to be issued upon the original judgment against Miles, under which certain of the lots so fraudulently conveyed to Hunter were sold, and the proceeds applied upon the judgment; that a balance of the judgment against Miles remains unpaid, amounting to something over $1,800.   The complaint further alleges that prior to the beginning of the equity suit the defendant, Hunter had sold to innocent purchasers certain of the lots fraudulently transferred to him by Miles, which were of the value of $1,900, to the damage of plaintiff in the amount of the unpaid portion of his judgment against Miles, and prays that defendant account for the proceeds arising from the sale of said lots.   Former adjudications of this court upon matters involved upon this appeal will be found in 27 S. D. 271, 130 N. W. 774, and 32 S. D. 108, 142 N. W. 251.

The defendant's answer sets up four defenses, only one of which we deem it necessary to consider.   It alleges that in January 1907, one E. V. Wiles died intestate, seized of the legal title to all of the lots referred to; that he left surviving him as heirs five sons and daughters, one of whom is the Leon Miles mentioned in plaintiff's complaint in this action; that said real property descended to said heirs in equal shares, and that Leon Miles became vested with an undivided one-fifth interest therein; that about the 22d of January, 1907, said Leon Miles conveyed all his right, title,

and interest in and to said real property to the defendant, Hunter, which conveyance was duly recorded; that thereafter, on or about the 19th day of May, 1907, the defendant, Hunter, acquired the title of all the other heirs of E. V. Miles, deceased, in and to said real property; that prior to March 5, 1909, the defendant, Hunter, had sold the lots described in plaintiff's complaint; that on or about March 5, 1909, plaintiff instituted the equity suit referred to against this defendant, and filed a notice of pendency of the action; that thereafter the defendant did not sell or dispose of any of said lots. The answer further alleges that the one-fifth interest of Leon Miles in and to said lots conveyed by Leon Miles to this defendant was of no greater value than $250; that under the execution hereinbefore referred to the plaintiff levied upon, and sold a portion of said lots, and received therefor the sum of $285; that the lots so sold exceeded in value the undivided one-fifth interest of Leon Miles in said lots; and that plaintiff is not equitably entitled to subject the remaining lots or the proceeds thereof to the satisfaction of his judgment.

[1] The demurrer to this defense admits the following facts: That Leon S. Miles was the owner of a one-fifth interest in the lots in controversy as tenant in common with other heirs of his deceased father; that Leon S. Miles conveyed all his right, title, and interest in said lots to the defendant Hunter; that thereafter the other heirs of the deceased father conveyed their four-fifths interest to the defendant, Hunter; that the conveyance by Leon S. Miles to the defendant, Hunter, was fraudulent and void as against plaintiff's judgment, and was canceled and held for naught by a decree of a court of competent jurisdiction; that the one-fifth interest of Leon S. Miles in said lots was of no greater value than $250; that plaintiff under an execution issued upon his judgment against Leon S. Miles has levied upon and sold certain of said lots for $285.50 which has been applied in partial satisfaction of said judgment. Certainly respondent does not mean to contend that defendant, Hunter, should be held liable to account for the proceeds of property or of any interest therein, which was not in fact the property of Leon S. Miles.

Respondent's contention however, is that the extent of Miles' interest in the lots became res judicata against Hunter by the

14—Vol. 39, S. D.

judgment and decree canceling Miles' conveyance as fraudulent. It does not appear that any such issue was determined. It was not necessarily involved in that action. It was the transfer of Miles' title and interest in the lots which was decreed to be fraudulent. The effect of such a decree is to remove the obstruction which prevents the property of the judgment debtor from being seized and appropriated in satisfaction of the creditor's judgment. The decree in such an equity suit could not authorize or direct the sale of property or of an interest therein which never belonged to the judgment debtor. Its effect was to leave the property in the same condition as though no such transfer had been made.

[2] It was not an action to quiet title in the judgment creditor, but to subject the debtor's property to satisfaction of the creditor's judgment. Section 2370, Civil Code, provides:

"A creditor can avoid the act or obligation of his debtor * * * only where the fraud obstructs the enforcement, by legal process, of his right to take the property affected by the transfer or obligation."

The property affected by the fraudulent transfer can be no other than that owned by the judgment debtor. Under this statute the only relief to which the judgment creditor would be entitled is a cancellation of the transfer so far as it obstructs the enforcement of his judgment. Belgard v. McLaughlin, 44 Hun, 557; Knapp v. Crane, 14 App. Div. 120, 43 N. Y. Supp. 513; McDowell v. McMurria, 107 Ga. 812, 33 S. E. 709, 73 Am. St. Rep. 155; Succession of Schultz, 39 La. Ann. 505, 2 South. 47; Coons v. Lemieu, 58 Minn. 99, 59 N. W. 977; Duncan v. Custard, 24 W. Va. 730; Young v. Wells, 33 Mo. 106; Beckman v. Montgomery, 14 N. J. Eq. 106, 80 Am. Dec. 229.

[3] In pursuing his remedy under these statutes the creditor is entitled to resort to the property fraudulently transferred, the same as though the transfer had not been made. Quarl v. Abbett, 102 Ind. 233, 1 N. E. 476, 52 Am. Rep. 662; Knopp v. Kelsey, 102 Mo. 291, 14 S. W. 110, 22 Am. St. Rep. 777; Becker v. Linton, 80 Neb. 655, 114 N. W. 928, 127 Am. St. Rep. 795; Wolcott v. Ashenfelter, 5 N. M. 442, 23 Pac. 780, 8 L. R. A. 691. It has been said that the object of these statutes is to compel the fraudulent grantee to surrender only ill-gotten gains, and that he cannot be punished by making him pay more. Cottingham v. G. B.

Grocery Co., 129 Ala. 200, 30 South. 460, 87 Am. St. Rep. 58; Ladd v. Wiggin, 35 N. H. 421, 69 Am. Dec. 551; Hamilton Nat. Bank v. Halsted, 134 N. Y. 520, 31 N. E. 900, 30 Am. St. Rep. 693.

The demurrer admits that plaintiff has already realized from a sale of a portion of the lots acquiesced in by defendant, and has credited upon his judgment, an account in excess of the value of the unidivided interest which defendant obtained from Miles through the fraudulent sale.

[4] If the fraudulent sale had never been made, plaintiff could not have realized a greater sum out of Miles' interest in the lots, and a court of equity should not undertake to penalize the defendant by subjecting his property to the satisfaction of Miles' indebtedness.

[5] But, even if we are in error in these views, another reason is conclusive upon the matter of estoppel. Plaintiff claims and alleges in his complaint that in the former action the existence of his lien upon the entire title became res judicata, and his allegation is that he sold the entire title to the lots upon the execution. The answer also alleges and assumes that the full title to these lots was sold and passed to plaintiff at the execution sale. Therefore for the purposes of this demurrer it must be assumed that the full title did pass upon such sale, even though it be clear that he is in error as to the effect of the former decree. But in assumming this view of the pleadings we do not hold that plaintiff's former judgment was in law a lien upon the whole title. We do hold, however, that such allegations for the purposes of this demurrer are sufficient to estop both parties from ever disputing that the sale passed full title to the lands sold under the decree.

It is suggested that the answer denies plaintiff's allegation of Miles' insolvency, and that such denial raises a material issue which constitutes a good defense upon demurrer. It is sufficient to observe that, if we are correct in our views, plaintiff upon the other allegations of his pleading has exhausted his remedy against Hunter by a sale of lots upon execution for an amount equal to or greater in value than the one-fifth interest obtained by Hunter from Miles, the issue as to Miles solvency becomes wholly immaterial, and need not be considered at all.

The facts alleged in the first defense constituting a complete

defense to the relief demanded in the suit in equity, the demurrer should have been overruled.

The order of the trial court is reversed, and the case remanded for such further proceedings as may be deemed appropriate.