## Fred F. Roberts v. Orson Kingsbury.

1. CHATTEL MORTGAGES—*Not Acknowledged and Recorded as Required by Statute, Void as to Purchasers.*—An instrument intended by the parties as a mortgage or pledge, and not acknowledged and recorded in the manner required by the statute, never becomes effective as a valid chattel mortgage, and has no force or validity as such, as against subsequent purchasers, whether with or without notice.

2. SAME—*An Instrument Held to be a Chattel Mortgage.*—The court holds, that under the evidence in this case, there can be no doubt that the bill of sale to appellee was intended by the parties simply as a mortgage or pledge to secure a debt owing to him.

3. SALES—*Purchaser in Possession Held Entitled to Property Against Unrecorded Bill of Sale.*—A person who purchases property from a wife, with the consent and acquiescence of her husband, and takes immediate possession of it, has the right to hold it as against an unrecorded bill of sale executed by the husband, even where the wife is also a party to the bill of sale.

Replevin.—Appeal from the County Court of DeKalb County; the Hon. CHARLES A. BISHOP, Judge, presiding. Heard in this court at the May term, 1897. Reversed and remanded. Opinion filed September 20, 1897.

JONES & ROGERS, attorneys for appellant.

THOMAS M. CLIFFE and J. N. FINNEGAN, attorneys for appellee.

MR. PRESIDING JUSTICE CRABTREE DELIVERED THE OPINION OF THE COURT.

This was an action of replevin brought by appellee against appellant to recover the possession of two black mares, one

buggy phaeton, one two-seated surrey and one candy wagon. The declaration contained three counts, one in the *cepit;* one in *detinet* and one in trover. The pleas were first, *non cepit;* second, *non detinet;* third, not guilty; fourth, property in defendant, except as to the candy wagon; fifth, that the phaeton and surrey at the time of the replevin were in the possession of one Harrison Grimm; and sixth, that the candy wagon, described in the affidavit and declaration, was the property of, and in the possession of, one Daniel D. Hollinger, and that defendant claimed no right or title to it, and never had it in his possession.

There was a trial by jury, resulting in a verdict in favor of appellee for all the property replevied, including the candy wagon. After overruling a motion for a new trial, the court entered judgment on the verdict.

Appellee claimed title to the property under an instrument in writing, of which the following is a copy :

SYCAMORE, ILLINOIS, September 11, 1896.

This is to certify that I have this date sold to Orson Kingsbury one span of black mares, named Midnight and Darkness, one two-seated surrey, one buggy phaeton and one candy wagon, known as the Lovel wagon.

WILL C. KINGSBURY.

SEPTEMBER 11, 1896.

I hereby promise to sell the said team and wagons, etc., to Will C. Kingsbury for $400, and allow said Will C. Kingsbury to use the said team until he buy same from me.

ORSON KINGSBURY.

Appellant claimed title to the same property, except the candy wagon, by virtue of a bill of sale from May Kingsbury, wife of said Will C. Kingsbury, of which the following is a copy :

SYCAMORE, ILLINOIS, November 24, 1896.

I, the undersigned, sell to F. F. Roberts my phaeton with tongue and thills, team of black horses, harness, one two-seated buggy, all robes and blankets, and have received payment in full for same.

MAY KINGSBURY.

Under the last mentioned bill of sale appellant took immediate possession, which he held at the time the replevin writ was issued.

There can be no doubt, under the evidence, that the bill of sale from Will C. Kingsbury to appellee was intended by the parties simply as a mortgage or pledge, to secure a debt owing by the former to the latter; and not having been acknowledged or recorded in the manner required by the statute, it never became effective as a valid chattel mortgage, and had no force or validity as such, as against subsequent purchasers, whether with or without notice. Porter v. Tinkham, 29 Ill. 141; Porter v. Dement, 35 Id. 478; Long v. Cockern et al., 128 Id. 29.

The evidence shows that appellee never had possession of any part of the property, no delivery having ever been made under the bill of sale to him, because the understanding of the parties to that transaction was, that it should be kept a secret between themselves.

We think a clear preponderance of the evidence shows that the span of mares, the phaeton and surrey, were the separate property of May Kingsbury, purchased by her with her own money, derived from teaching school before she was married to Will C. Kingsbury, and that she had full right and power to sell them to appellant as she did. She was no party to the transaction between her husband and appellee, and was in no way bound by the bill of sale; but even if she had been, appellant, who purchased the property from her with the consent and acquiescence of her husband, and took immediate possession of it, would have the right to hold the same as against the unrecorded bill of sale to appellee.

Our conclusion is that the verdict was against the weight of the evidence, and the court erred in overruling the motion for a new trial. There was no evidence whatever upon which to base a verdict against appellant for the candy wagon, and a judgment against him therefor was manifestly wrong.

Complaint is made by appellant that the court erred in

refusing the fifth instruction asked in his behalf. In this action of the court we think there was no error. While the instruction embodied a correct principle of law, yet, as drawn, it was faulty in assuming that appellant bought the property in controversy, from May Kingsbury, without submitting that question as a fact to be found by the jury from the evidence.

Other complaints are made by appellant as to the action of the court upon the instructions, but we do not deem it necessary to consume time in considering them. If any errors were committed, they can easily be remedied on another trial, in conformity to the views herein expressed.

For the error indicated, in overruling the motion for a new trial, the judgment will be reversed and the cause remanded.