## James J. Murphy, Appellee, v. William J. Mulconnery, Appellant.

1. EXEMPTIONS, § 39*—*when officer liable for penalty for levying upon exempt property.* To recover against an officer the statutory penalty for wrongful levy upon property exempt from execution, it must clearly appear that the right of action exists in the plaintiff.

2. EXEMPTIONS, § 44*—*when refusal of defendant's requested instruction in action for penalty is error.* In an action against an officer for the statutory penalty for levying on exempt property, defendant's theory of the case being that plaintiff executed a bill of sale of the property prior to the levy and therefore was not entitled to bring the action, and plaintiff's theory being that the bill of sale was in effect a mortgage, *held*, that the question whether the bill of sale was an absolute sale or a mortgage was a question for the jury and that the court's refusal to give defendant's requested instruction to the effect that an absolute sale of the property would defeat the right of plaintiff to bring the action was error there being no other instructions given presenting defendant's theory of the case.

Appeal from the City Court of East St. Louis; the Hon. W. M. VANDEVENTER, Judge, presiding. Heard in this court at the March term, 1913. Reversed and remanded. Opinion filed October 9, 1913.

JAMES G. McHALE, W. L. COLEY and C. E. POPE, for appellant; R. C. McMANUS, of counsel.

WEBB & WEBB, for appellee.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

MR. PRESIDING JUSTICE McBRIDE delivered the opinion of the court.

Appellee obtained a judgment against appellant in the City Court of East St. Louis, for $792.50, and this appeal is prosecuted by appellant.

On August 4, 1911, appellee executed to N. J. Bresnahan a paper which upon its face was a bill of sale for a stock of groceries and fixtures then owned by appellee, controlled and possessed by him in the city of East St. Louis. This bill of sale contained the usual covenants found in such conveyances. Possession of the goods was not delivered to Bresnahan but appellee continued in the open and exclusive possession thereof and to sell and dispose of them as he had heretofore. Appellee was at that time indebted to Swift & Company and on August 7, 1911, Swift & Company caused an attachment to be issued against the goods and chattels of appellee for the alleged indebtedness of $230.82, and caused the writ of attachment to be levied upon the stock of goods in question. At the time the sheriff served the writs of attachment no notice was given or required of appellee to make a schedule. Swift & Company prosecuted their suit to final judgment and then caused an execution to issue upon the judgment, and also an order of sale under the attachment, which writs were served upon appellee and appellee within the time required by law made and delivered a schedule of all of his personal property, including the stock of goods in question, and it is claimed that the whole of his property was worth less than $400; that the sheriff ignored the schedule and proceeded to sell the property, from the sale of which he realized $396.25.

It is claimed by appellee that the bill of sale executed by him was intended as a mortgage to secure the payment of $250, but that because Bresnahan was in the hospital sick he had not been able to furnish the $250, and that appellee had received nothing upon the property at the time it was levied upon. This suit

was brought under the statute allowing a debtor to recover double the value of the property levied upon that was exempt from execution, the appellee claiming that the whole of this property was exempt under the law. The declaration is in the usual form, setting forth the acts of the sheriff, the schedule of the appellee, the seizure of the property by the sheriff and his refusal to have the property appraised, as required by law, the sale, and the damages sustained by appellee by reason thereof, and averred that in consequence thereof a right of action accrued to the plaintiff against the defendant as sheriff for damages in double the value of said property.

It is contended by counsel for appellant in this case that the verdict is contrary to the law and the evidence and that the court erred in the refusal of instructions offered by appellant. This case was tried by counsel for appellant upon the theory that prior to the levy of the writs of attachment herein that the appellee had by the bill of sale above mentioned sold the goods in question to M. J. Bresnahan, and that the title to the goods at that time, and at the time of the commencement of this suit, was in M. J. Bresnahan and that they were not then or now the goods of appellee. Upon the other hand, the case was tried by appellee upon the theory that the bill of sale offered in evidence was only a mortgage, was intended to be such between him and M. J. Bresnahan, and that it was made to secure the payment of $250 that appellee was to borrow from Bresnahan; that Bresnahan because of his sickness had not been able to pay the money to appellee prior to the time of the levying of the writ of attachment and that the interests of Bresnahan in the goods in question was the interest only of a mortgagee; and that as a mortgagor the title to the property in question was in the appellee and that he had the right to bring this suit.

If it is true, as claimed by appellant, that the title to the goods in question had passed from appellee to

Bresnahan, prior to the levying of the attachment, then appellee would have no right to schedule the property and hold it as exempt from execution, and would have no right to bring an action against the officer for damages in double the value of the property on account of having sold property exempt from execution and attachment. *Cassell v. Williams*, 12 Ill. 387.

Upon the other hand, we believe that appellee had a right to show that the bill of sale offered in evidence was only a mortgage and intended as a pledge to secure the payment of the $250 that he was about to borrow from Bresnahan. *Roberts v. Kingsbury*, 71 Ill. App. 451; *Vaughan v. Thompson*, 17 Ill. 78. And whether the instrument in question was a bill of sale or a mortgage was a question of fact for the jury to determine.

Upon this question each of the parties had a right to an instruction upon his theory of the case. Appellant had a right to an instruction that if this was a sale and the title passed that appellee could not recover, and appellee had a right to an instruction that if the bill of sale offered in evidence was in fact a mortgage to secure the payment of the amount of money borrowed that then appellee had the right to claim the exemption and to bring this action against the sheriff for damages for selling exempt property. The appellant asked for the following instruction:

"The Court instructs the jury that if you believe from the evidence in this case that prior to the time of the levy of the execution in question the plaintiff J. J. Murphy had sold the goods and chattels upon which said executions were levied to M. J. Bresnahan, then as between the parties to said sale it was valid and the plaintiff J. J. Murphy is estopped to claim any right, title or interest in and to said goods and chattels;" but this instruction and other instructions of a kindred character offered by appellant were refused, and the court refused to direct the jury that the sale of

this property to Bresnahan would defeat the right of appellee to bring this action. The appellee asked no instruction upon this question defining either his rights in case, if the jury found the instrument offered to be a mortgage or the rights of appellant in case the jury found it to be an absolute sale; so that the jury was uninstructed upon the vital question in the case, and the court, we think, erred in refusing to give appellant the instruction above referred to, or some of the other instructions advising the jury substantially as to appellant's rights. The statute under which this suit is brought is penal, and before the sheriff could be made liable in double the value of the property then it must appear clearly that a right of action exists in the plaintiff.

We are satisfied from the proceedings contained in this record that the jury was not fully and fairly instructed as to the real issues involved in the case and that a new trial should be awarded, and the judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*