[Civil No. 1541.   Filed November 8, 1917.]

[168 Pac. 635.]

## FIRST NATIONAL BANK OF GLOBE, a Corporation, Appellant, v. MARY McDONOUGH and MARY McDONOUGH, Executrix of the Estate of J. N. McDONOUGH, Deceased, and E. F. PFISTER and GEORGE E. SHUTE, Appellees.

1. ACTION — JOINDER — SUIT TO SET ASIDE CONVEYANCE — ACTION ON DEBT.—Under Civil Code of 1913, paragraph 425, providing that the complaint shall set forth clearly the names of the parties, a concise statement of the cause of action, without any distinction between suits at law and in equity, etc., and paragraph 548, providing that the judgment shall conform to the pleadings, and be so framed as to give the party all the relief to which he may be entitled, either at law or in equity, a creditor in one action can seek to recover his debt, and also to have the debtor's fraudulent conveyance set aside.

2. FRAUDULENT CONVEYANCES—SUIT FOR DEBT AND TO SET ASIDE CONVEYANCE—FAILURE TO ESTABLISH STATUS AS CREDITOR—STATUTE.— Though a creditor, under Civil Code of 1913, paragraphs 425, 548, in one action may sue to recover his debt and to set aside the debtor's fraudulent conveyance, unless he establishes or has established the debt and his status as creditor, his attack upon the alleged fraudulent conveyance must necessarily fail, the establishment of the legal demand in the action being a condition precedent to the granting of equitable relief, though not a condition precedent to the bringing of such an action.

3. FRAUDULENT CONVEYANCES — RELIEF TO CREDITOR. — Property held under a fraudulent conveyance can be uncovered by the grantor's creditor and payment of the debt enforced out of it; the debt having been established against the grantor, his estate, or personal representative.

4. FRAUDULENT CONVEYANCES—VALIDITY BETWEEN PARTIES.—A conveyance fraudulent as to creditors is good as between the parties, binding upon the grantor's heirs and devisees, being no part of his estate under the statutes of descent and distribution.

5. FRAUDULENT CONVEYANCES — SUIT ON DEBT AND TO SET ASIDE AGAINST EXECUTRIX—JUDGMENT FOR EXECUTRIX—EFFECT.—Where decedent's alleged creditor, under Civil Code of 1913, paragraphs 425, 548, sued decedent's executrix as such and as his alleged fraudulent grantee, in one action to recover the debt and set aside the conveyance, but the trial court gave judgment for the executrix as

to the debt, judgment necessarily went in her favor individually as alleged fraudulent grantee; the creditor having failed to establish his status as such.

[As to estoppel of wife who permits her husband to record title to her realty to deny such title against one extending credit to him, see note in Ann. Cas. 1914C, 1066.]

6. Judgment—Conclusiveness—Law of Case.—Where the trial court had jurisdiction of the parties and the subject matter of the action, its judgment, right or wrong, is the law of the case until set aside.

7. Appeal and Error—Suit Against One as Executrix and as Individual — Appeal from Judgment Against Her as Executrix — Setting Aside Judgment for Her as Individual.—In suit by a creditor of decedent against the executrix to recover the debt and against her individually to set aside an alleged fraudulent conveyance to her, judgment for the executrix cannot be set aside on appeal from judgment for her individually.

APPEAL from a judgment of the Superior Court of the county of Gila. F. B. Laine, Judge. Affirmed.

Mr. A. C. McKillop, for Appellant.

Mr. Eugene W. Miller and Messrs. Rawlins & Little, for Appellees.

FRANKLIN, C. J.—J. N. McDonough died testate at Globe, Arizona. His will was admitted to probate and the widow, Mary McDonough, was appointed executrix of his estate. From plaintiff's complaint it appears that the value of the estate of McDonough, deceased, as inventoried and appraised in the probate proceedings, was $417.50 and consisted of community property. It is alleged that said McDonough in his lifetime, together with E. F. Pfister and George E. Shute, jointly and severally executed their promissory note in favor of the First National Bank of Globe for the sum of $500. In the course of administration a claim founded upon the indebtedness evidenced by this note was presented to the executrix and rejected. The present action was commenced against Mary McDonough and Mary McDonough, as executrix of the estate of J. N. McDonough, deceased, E. F. Pfister, and George E. Shute. The object of the suit was to establish the indebtedness as evidenced by the note and recover judgment for the amount alleged to be due the plaintiff from the makers thereof. The plaintiff also asked relief

in equity against an alleged fraudulent conveyance of certain property made by the deceased, in his lifetime, to his wife, Mary McDonough, to defeat his creditors, and which, if not set aside, would render the action of the plaintiff fruitless. Among other defenses interposed and by way of demurrer the executrix asserted the statute of limitations, in that it appeared upon the face of the complaint that the cause of action was barred by the provisions of paragraph 887 of the Civil Code of 1913, because plaintiff did not bring its action within three months after its claim was rejected by the executrix; also that the complaint does not state a cause of action for equitable relief to set aside an alleged fraudulent conveyance because plaintiff's demand on the indebtedness has not been established at law by judgment or otherwise; and, further, on the ground that a cause of action upon the legal demand is improperly joined with a cause of action to set aside a fraudulent conveyance. The court sustained the demurrer, with leave to amend the complaint, but, plaintiff declining to amend, the court gave judgment, dismissing the action as to Mary McDonough, both individually and as the personal representative of J. N. McDonough, deceased, with costs. Upon the trial and on the proofs adduced judgment was given the plaintiff against defendants E. F. Pfister and George E. Shute. From the judgment in favor of Mary McDonough individually this appeal is prosecuted. There is no appeal from the judgment in favor of the personal representative of J. N. McDonough, deceased.

However interesting it may be, it is entirely unnecessary to follow learned counsel in the discussion as to what conditions must be present before a creditor can be heard in equity to challenge a conveyance for fraud. Our laws confer jurisdiction upon the superior court to hear and determine all causes of action, whether legal or equitable or both. It is provided that:

The complaint shall set forth clearly the names of the parties, a concise statement of the cause of action, without any distinction between suits at law and in equity, and shall also state the nature of the relief which he demands. Paragraph 425, Civil Code 1913.

That: The judgment of the court shall conform to the pleadings, the nature of the case proved, and the verdict, if any, and shall be so framed as to give the party all the relief

XIX Ariz.—15

to which he may be entitled either in law or equity. Paragraph 548, Civil Code 1913.

In those jurisdictions where law and equity are separately administered there is much confusion in the cases as to the true meaning and application of the rules in equity that a party who seeks relief as a creditor against a fraudulent conveyance of his debtor's property must show that he has exhausted his remedy at law or that he has no adequate remedy at law. While under the former system the two courts acted one in aid of the other, they proceeded upon different principles and were governed by distinct rules. Not a little jealousy crept in to disturb that harmony so essential to the determination of all judicial controversies, and so necessary in the administration of the law. It was but a feeling common to all who have power to see that there should be no assumption of a jurisdiction or the exercise of a power on the part .of one which properly belonged to the other, and herein we may discover in part the cause of the confusion in the cases. This controversy, never completely settled, must necessarily continue between the law and equity courts until their separate jurisdictions are so blended that the full measure of relief to which a party may be entitled shall be afforded him in one action and by the same court. The rules once being formulated by a precedent, any substantial modification of the principle has met resistance in the conservatism of the courts on account of their unwillingness to allow any change in the doctrines once established by their prior decisions. The frequent occurrence of cases in which a rigid adherence to the precedents produced manifest injustice has happily been reformed by the statutory provisions blending law and equity, so that a party may have his full measure of relief in one action and by the same court and judge amply equipped to administer the justice of the case upon equitable as well as upon legal principles. Whatever embarrassment that might attend the discovery and application of the true principles governing equitable assistance to creditors when a party under the old system was seeking relief as a creditor against a fraudulent conveyance of his debtor's property, and, being compelled to resort to two separate courts for full relief, was confronted with these rules of equity, is now largely dissipated by the simple provisions of the statute, the meaning and intent of which are that plaintiff may have a complete

remedy in one action and ask the court, in the exercise of its law power, to establish his legal demand and give judgment for the amount found due him, and in the same action ask its equitable interposition to relieve him from the fraud which would render his action fruitless. Uniting in the one action both his legal and equitable causes of action that are capable of the same character of relief, the court is given ample power by the statute to conform its judgment to the pleadings, the nature of the case proved, and the verdict, if any, and so frame its judgment "as to give the party all the relief to which he may be entitled either in law or equity." The reasons usually given in support of the old rule where law and equity are separately administered are that equity should not interfere to aid a legal right before the legal remedy is tried; that a simple contract creditor may never obtain a judgment, and if he does not, he cannot be injured by any disposition of the property; and that the judgment may not be obtained in equity upon the legal demand because the parties are entitled to a jury trial. It is perceived that the system of judicature established by our Code may not operate to support the reasons upon which these rules governing the former system were based, and, the reasons for the rules failing, the rules must fall. In the action all controverted questions of fact may be submitted for the determination of a jury, and it would be manifestly absurd to hold that a party must go into the superior court and establish his legal demand and then institute another action in the same court, asking equitable relief that the recovery of his judgment may not prove fruitless, when under the statute the judgment for the recovery of the money could be rendered in the very action and before the same court in which the equitable relief is asked. .

We are not without light upon this matter from those jurisdictions where the system is one of blended law and equity. "A creditor's bill," said the court in the case of *Vail* v. *Hammond,* 60 Conn. 374, 25 Am. St. Rep. 330, 22 Atl. 954, "strictly exists only in those jurisdictions where law and equity are administered by separate tribunals. A creditor first obtains a judgment in a court of law, and then seeks the aid of a court of equity to apply in payment of the judgment some property which could not be attached or taken on execution in the action at law. But in this state where the same court administers both law and equity, and where legal and

equitable remedies can be granted in the same action, a creditor can in the same complaint have judgment for his debt and also the necessary equitable aid to obtain payment out of any property of the debtor which the law court could not reach.''

In North Carolina, where it was urged that a court of equity would not aid a creditor in attacking a fraudulent conveyance until he had exhausted his legal remedies, it was said:

''It is obvious, that as this rule grew out of the relations of the two courts under the former system, one acting in aid of the other, and was essential to the harmony of their action in the exercise of their separate functions in the administration of the law, so it must of necessity cease to have any force, when the powers of both and the functions of each are committed to a single tribunal, substituted in place of both. Why should a plaintiff be compelled to sue for and recover his debt, and then to bring a new action to enforce payment out of his debtor's property in the very court that ordered the judgment? Why should not full relief be had in one action, when the same court is to be called on to afford it in the second? The policy of the new practice, and one of its best features, is to furnish a complete and final remedy for an aggrieved party in a single court, and without needless delay and expense.'' *Bank* v. *Harris*, 84 N. C. 206.

In the case of *Miller* v. *Hughes*, 33 S. C. 530, 12 S. E. 419, it is said:

''It is further urged that the claim of the plaintiff's, being a plain legal demand, should first be established by a judgment at law before the aid of equity can be invoked. Whatever embarrassment this might have offered under our former system of judicature, when law and equity were administered by different tribunals, cannot be felt now under our present system, especially after the Code has provided that both legal and equitable causes of actions may be united in the same complaint. We do not see, therefore, why the plaintiffs may not demand judgment for the amount alleged to be due them on the law side of the court, and in the same action ask relief on the equity side from the fraud which they allege will render their action fruitless.''

And in Texas the system being one of blended law and equity, we quote from the syllabus to the case of *Shirley* v. *Waco etc. Co. et al.*, 78 Tex. 131, 10 S. W. 543:

"Under the Code system, a simple contract creditor may in the same action recover a judgment for the indebtedness, and have set aside a fraudulent conveyance by the debtor to a codefendant."

However, when the last word has been said in such a matter, the paramount circumstance will still remain that the simple contract creditor must establish his claim before relief will be given to him as against an alleged fraudulent convey-ance by his debtor.  He must sue for and recover his debt, and while he may do this in the very same action in which he also attacks a conveyance of his debtor for fraud, nevertheless if in that action he fails to establish his claim—fails to establish his status as a creditor—his attack upon the alleged fraudulent conveyance made to defeat his rights as a credi-tor must necessarily fall.  Though it is not a condition pre-cedent to the bringing of this sort of an action, the estab-lishment of the legal demand in the action is a condition precedent to the granting of the equitable relief asked.  The plaintiff presented its claim to the executrix.  The claim was rejected.  It brought suit upon the claim and was defeated. It stands before this court with a status as creditor unestab-lished, and must remain so unless it can be accomplished in a suit against Mary McDonough individually.  The widow in this case is an entire stranger to the note transaction.  She had nothing to do with the making of the note, or with the alleged indebtedness which the note evidenced, or any liability in connection with it.  True she is the alleged fraudulent grantee, and if the legal demand had been established against the estate of the deceased or his personal representative and the proofs warranted it, the property she held by virtue of the fraudulent conveyance could have been uncovered and payment of the debt enforced out of it, and it makes no dif-ference by what principles of the law this is accomplished, whether she be denominated a constructive trustee or an ex-ecutrix *de son tort*, or in whatever capacity she may hold the property; the property can only be taken in satisfaction of the debtor's obligation when that obligation is legally estab-lished.  Not because it is the property of the fraudulent gran-tee, but because it is the debtor's property which was fraudu-lently conveyed to defeat creditors.  The conveyance is good as between the parties to it.  It is binding upon the heirs and devisees, and it is no part of the estate of deceased under the

statutes of descent and distribution. In this aspect it is not part of the estate of J. N. McDonough, deceased. But if the property was conveyed by McDonough fraudulently to defeat his creditors, it is clear that as to a successful attacking creditor it is property of his estate subject to the payment of the established claim.

Whether or not under the circumstances of this case it was necessary for the plaintiff to present its claim to the executrix and if rejected institute suit thereon within the time prescribed by paragraph 887 of the Civil Code of 1913, it is unnecessary to determine on the record in this case, and we express no opinion concerning it. The paramount fact remains that the lower court so adjudged in favor of the executrix, and when this was done judgment necessarily went in favor of Mary McDonough individually as the alleged fraudulent grantee. The trial court had jurisdiction of the parties and the subject matter of the action, and whether its judgment is right or wrong it is the law of the case until set aside, and this we have seen may not be done on appeal from the judgment in favor of Mary McDonough, individually. Judgment affirmed.

ROSS, J., concurs.

CUNNINGHAM, J. (Dissenting).—The sufficiency of the complaint to state facts constituting a cause of action against Mary McDonough in either her individual capacity or in her representative capacity is the general inquiry with which we are concerned on this appeal.

The facts presented by the complaint, except formal matters, are that on December 6, 1911, the defendants, E. F. Pfister, Geo. E. Shute, and one J. N. McDonough, made, executed, and delivered to the plaintiff bank their joint and several promissory note, whereby they jointly and severally promised to pay on demand at Globe, Arizona, the sum of $500, with interest at a rate specified, and attorneys' fees on condition. The note is set forth in full in the complaint, and appears to have been executed by said three parties.

Plaintiff set forth that J. N. McDonough, one of the makers of said note, died testate on the eighteenth day of April, 1914; that said will was admitted to probate, and in accordance with the terms of the will, Mary McDonough was made the

sole legatee and devisee, and was appointed executrix thereof, and duly qualified and became such executrix; that the value of the property of the estate of said decedent does not exceed the sum of $1,500, and its appraised value is the sum of $417.50, and consists of community property, and the entire value of the property of said estate is said appraised sum of $417.50; that the said note is not secured by any lien, mortgage, or any other security on any of the said inventoried assets belonging to said estate; that the plaintiff filed its claim for the note sued upon with the said Mary McDonough, executrix, on or about the thirteenth day of October, 1914; that said claim was verified, and a copy of said note was attached to said claim; that said claim was rejected October 15, 1914; that the assets of the estate are insufficient in amount to pay the preferred claims arising from the last sickness and funeral of the decedent, and expenses of administration of the estate; that the said Mary McDonough is the surviving widow of said decedent; that Mary McDonough does not dispute the validity of said note, but she fraudulently refuses to pay the same, or allow the same as a debt against the estate for no legal valid reason; that on the eighth day of April, 1914, the said J. N. McDonough, in consideration of love and affection, conveyed to said Mary McDonough certain described real, personal, and mixed property of value exceeding $10,000; that said property was community property; that said conveyance was made by said J. N. McDonough during his last sickness and in immediate expectation of death; that he died ten days thereafter; that said conveyance included the bulk of his entire property; that at the time of said conveyance the said J. N. McDonough owed debts; that said conveyance rendered J. N. McDonough insolvent and unable to pay his debts; that the said note was held by plaintiff as a creditor; that said conveyance was made for the purpose of evading his debts, to save the expenses of administering the estate, and for the purpose of hindering and delaying his creditors, and to evade the inheritance tax; that Mary McDonough knew the purposes for which said conveyance was made and intended to effect, and that she participated therein; that all of the property so conveyed and described in such conveyance is now owned and in the possession of Mary McDonough, with slight exceptions; that the administration of said estate is now in progress and unfinished.

The relief demanded is a judgment on the note against "E. F. Pfister, Geo. E. Shute, and Mary McDonough" for the face of the note, with interest and attorneys' fees and costs, "and each of them"; that the conveyance to "Mary McDonough be set aside and declared null and void," and the said property affected applied to the satisfaction of the judgment; that said property, or so much thereof as may be necessary, be sold for that purpose; and that Mary McDonough be required to account for such portion of such property as she may have sold, and for general relief.

The defendant Mary McDonough demurs to the complaint upon a number of grounds, two of which are worthy of notice, viz., the absence of facts to state a cause of action, and the statutes of limitation. The court sustained the said defendant's demurrers, not designating in the order the grounds upon which the court acted.

The conveyance of the eighth day of April, 1914, by J. N. McDonough to Mary McDonough in consideration of love and affection, and for the purpose of evading, hindering, and delaying creditors, as set forth in the complaint, is a fraudulent transaction and void as to the rights of creditors existing at the date of said transaction. Paragraph 3273, Civil Code Ariz. 1913. Such creditors have an equitable right to subject such property to the satisfaction of their claim. Mary McDonough had knowledge of the purpose for which the conveyance was made. The conveyance, being void as to the rights of existing creditors, was nevertheless valid as to Mary McDonough and the estate of J. N. McDonough until brought into question by said estate. In other words, the estate of J. N. McDonough has not questioned the right of Mary McDonough in the property so conveyed. Existing creditors here question her title. Evidently, existing creditors could pursue the property equitably applicable to their claims in one of two manners: First, by setting aside the conveyance and recovering the property to the estate for administration by the executrix—such remedy if pursued would require that the estate be a moving party represented by some one authorized by law to prosecute such action—and, second, by an action against the property involved, charging the property in the hands of the fraudulent transferee with the burden of paying the debts of the grantor. In the first instance the conveyance is treated as void because fraudulent, and the

property is recovered to the estate as equitable assets of the estate. In the second instance the conveyance is treated as effective as between the transacting parties; but, owing to the fraud practiced by such parties on the creditors, a trust resulted to the creditors against the property in the possession of the fraudulent transferee. Such action is the familiar action in equity against the thing rather than against the person, and is in the nature of an equitable action *in rem* to establish a trust in property conveyed in fraud of the equitable rights of others, declaring the holder of the property a trustee and the property held as held for the use and benefit of the persons equitably entitled to it. Such is the nature of this action in so far as it affects Mary McDonough individually, and the property involved sought to be affected by the plaintiff's action.

The appellee contends that before a court of equity is authorized to entertain an action of a creditor to reach equitable assets, the fact must be made to appear that such creditor has already exhausted all of his legal remedies; that is, that he has reduced his claim to judgment, and thereafter, by invoking legal process afforded him by law has failed to satisfy such judgment, relying upon the well-established general rule applicable to actions known as "creditors' bills." See rule stated in 12 Cyc. 9.

The matter the court is called upon in this case to determine is a matter of trust. Equity has invariably assumed jurisdiction over trust matters. The plaintiff being a creditor at the time the debtor J. N. McDonough transferred the property in question to Mary McDonough, was by such transfer deprived of the means of satisfying his debt, unless he may follow the property so transferred into the hands of Mary McDonough. The complaint alleges that Mary McDonough participated in the fraudulent transaction, consequently, she may not take advantage of her own wrong, but must be deemed as having accepted the property charged with the payment of the grantor's debts, and by holding the property, in equity and good conscience, she holds the same in trust for the use and benefit of all such creditors without respect to the inquiry whether they are judgment creditors or otherwise. The general rule applicable to creditors' bills does not apply in this action.

Appellee's contention that the action is barred by paragraph 887 of the Civil Code of Arizona of 1913, is untenable

for the reason this action is not one against the estate of
J. N. McDonough, deceased, and a recovery would in no man-
ner obligate said estate to satisfy the same by the recovery
of equitable assets.

The trial court erred in sustaining the demurrer for the
reasons stated. The judgment should be reversed, and the
cause remanded, with instructions to overrule the demurrer,
and proceed according to law.