170 P.2d 855

**FERGUSON et ux. v. ROBERTS.**

No. 4863.

Supreme Court of Arizona.

July 2, 1946.

H. M. Van Denburgh, of Phoenix, for appellants.

John W. Ross, of Tucson, for appellee.

LaPRADE, Justice.

This is an appeal by the appellants (plaintiffs below) from a judgment dismissing their quiet title action and quieting title in the appellee (defendant below).

On August 26, 1944, appellee by bargain sale deed, conveyed 40 acres of land in Pima County to one Mary Lou Tomeny, "for and in consideration of the sum of $10.00, love and affection". The deed conveyed "* * * all the estate, right, title, interest, *claim of homestead* property, possession, claim and demand whatsoever * * *". (Emphasis supplied.) This deed was recorded October 13, 1944.

On December 11, 1944, appellants secured judgment against appellee for the sum of $3,479.78. They secured the issuance of an execution on December 27, 1944. Levy was had on December 30th. On January 31, 1945, appellants bid the property in at execution sale for $3,000.

On December 19, 1944, Mary Lou Tomeny and husband by bargain and sale deed, reconveyed the property to appellee. This deed was not recorded until February 17, 1945. In their brief, appellants say that they had no actual notice of the execution of this deed or of its delivery. Had the parties been examined, it very probably would have been made to appear that this deed was delivered shortly after its execution and that in truth and in fact the appellee not only had possession, but was in truth and in fact the owner of the record title, though unrecorded. On January 30, 1945, one day before the Sheriff's sale on execution, the appellee filed and recorded a declaration of homestead on the 40 acres, declaring, among other things, that she actually resided on the premises, and that it was her intention to use and claim the land for a homestead. On February 3, 1945, appellants filed suit to quiet title against the appellee and Mary Lou Tomeny, alleging, among other things, that they were the owners of the property and that defendants claimed some estate or interest adverse to appellants but that said claims were without any right whatsoever.

Tomeny did not answer, and default was entered against her. The appellee an-

swered, denying that appellants were the owners of the property or had any interest therein, and alleged that prior to the sheriff's sale, she filed with the County Recorder a declaration of homestead.

At the trial the only witness to testify was a deputy county recorder, who identified the conveyances referred to, the execution sale and the declaration of homestead.

The sole question to be determined in this case is: May a person in possession and not being the record title owner, claim and file a declaration of homestead? The solution of this case rests in a determination of the quantum of title or right required to support a claim of homestead.

Appellants cite as error the dismissal of their complaint and the granting of judgment quieting title in appellee. Appellants have advanced numerous propositions of law in support of their assignments. It is their theory that the conveyance to Tomeny was a fraudulent conveyance in fraud of creditors; that the conveyance was void as to creditors but effective to pass title from Roberts to Tomeny; that the appellee by her fraudulent conveyance lost her right to have the property exempted to her as a homestead. In support of these general propositions, appellants offer the two following propositions:

"There can be no homestead right in property without a lawfully enforceable ownership, legal or equitable, in favor of the claimant.

"The presumption always is that a grantor who remains in possession holds without claim of right, and by sufferance of his grantee, in subordination to the title of his grantee."

Appellants suggest that the case was submitted to the trial judge "on the theory that the bargain and sale deed executed and delivered by appellee to Mary Lou Tomeny, as grantee, dated August 26, 1944, recorded October 13, 1944, was in fraud of creditors. All parties were agreed as to that, including the trial judge. A decision here therefore merely requires determination of the legal consequences flowing from the execution and delivery by appellee of said fraudulent conveyance, considered in its relation to the acts of the respective parties."

Appellee in her brief refutes this conclusion. The appellants in their quiet title action did not plead fraud and there was no evidence offered to indicate that the conveyance from appellee to Tomeny was a fraudulent conveyance. It does not appear in the record that the appellants were creditors of the appellee on October 13, 1944 when the deed was recorded, their judgment being of date December 11, 1944; nor was it shown that the execution of the deed rendered the appellee insolvent, and as far as the record discloses, the conclusion of the appellants that the conveyance was fraudulent is a mere assumption without pleading or evidentiary foundation.

Section 58-402, A.C.A.1939, declares what conveyances are fraudulent. Section

58-403, Id., sets forth the remedy of the creditor to have a fraudulent conveyance set aside. These sections contemplate the pleading of facts within the provisions of Section 58-402, supra, and proof of the fact allegations warranting equitable relief.

Chapter 24, A.C.A.1939, relates to the execution of judgments. Article 5 of this chapter, Sections 24-501 to 24-507 relate to homestead exemptions. Section 24-501 decrees who may hold a homestead, the extent and value thereof. This section does not specify the kind of title or interest a person should have in order to secure a homestead.

In the instant case, the execution was against the property belonging to the appellee. Appellants cite numerous cases to the effect that the conveyance was effective as to the appellee and her grantee Tomeny (see O'Doherty v. Toole, 2 Ariz. 288, 15 P. 28; Lewis v. Herrera, 10 Ariz. 74, 85 P. 245; Rountree v. Marshall, 6 Ariz. 413, 59 P. 109; MacRae v. MacRae, 57 Ariz. 157, 112 P.2d 213; First National Bank v. McDonough, 19 Ariz. 223, 168 P. 635), but was ineffectual as in fraud of appellants, creditors of the appellee. If appellants had instituted an action to void the conveyance to Tomeny as in fraud of creditors and secured judgment annulling the conveyance, then and in that event the legal title would have been in the appellee.

If this had occurred, appellants say that such a judgment setting aside the conveyance would not operate to revest title in the grantor, citing Byrd v. Hall, 8 Cir., 196 F. 762, but would be for the benefit of creditors only. Our attention is also directed to the case of Kinder v. Trotti, 30 La. 360, 57 So. 1005, wherein the court said

"Defendant testified that he divested himself of the title to the property in order to protect it against the children of his first marriage in the interest of the children of the present marriage. Whatever was the defendant's motive, he divested himself of the title; and the property was from that time no longer (in the language of the Constitution) 'bona fide owned' by him. *In attempting to place the property beyond the reach of his children he placed it beyond his own.* * * *

"In support of the proposition that a debtor can no longer claim the homestead when he has, by a fraudulent conveyance, divested himself of title, the learned counsel for plaintiff cite McDowell v. McMurria, 107 Ga. 812, 33 S.E. 709, 73 Am.St.Rep. 155; Cassell v. Williams, 12 Ill. 387; Sumner v. Sawtelle, 8 Minn. 309, Gil. 272; Huey's Appeal, 29 Pa. 219; but the proposition appears to us to be a plain one hardly needing the support of authority." (Emphasis supplied.)

Our attention is also directed to a line of cases to the effect that if a bankrupt has transferred title to property which would actually be entitled to exemption, he by his own act has placed the exemption beyond his own reach. Worsham v. Penn, 32 Ga.

189, 122 S.E. 817; Collier on Bankruptcy, 1923 Ed., pp. 307-313.

■ With all due respect to these authorities and the application of the law made in these various cases to their facts, we do not believe them to be applicable here. Had the appellee, prior to the conveyance to Tomeny, filed a declaration of homestead, she then could not have been accused of making a fraudulent conveyance. In our case of Luhrs v. Hancock, 6 Ariz. 340, 57 P. 605, this Court held that property exempt from execution could not be the subject of a fraudulent conveyance. As we have already pointed out, the assumption that this conveyance was fraudulent is not predicated on any pleading or evidence. In view of the purpose for which the homestead exemption was created, we are not able to discern why this grantor should be precluded from availing herself of her rights under the law if she had some beneficial interest in the premises.

■ The homestead exemption laws were not created merely for the purpose of depositing a favor or privilege on a debtor. By their enactment, it is considered that the state is benefited thereby. The chief object of these laws is to shelter the family, Lehman v. Cottrell, 298 Ill.App. 434, 19 N.E.2d 111, and to maintain the stability and welfare of the state. In re Banfield's Estate, 137 Or. 167, 296 P. 1066, 298 P. 905, 89 A.L.R. 504; Thompson on Real Property, Perm.Ed., Vol. 2, Sec. 970.

■ A declaration of homestead can be made at any time prior to sale. Sections 24-501 and 24-503, supra; Schreiber v. Hill, 54 Ariz. 345, 95 P.2d 566. In any event, the appellants attempted to resort to the property as that of their judgment debtor, the appellee. Whatever the appellee's interest or possessory right was, appellants sought to reduce it to their own benefit by the execution. The general rule seems to be that if the debtor's possessory right is of sufficient value to be coveted by his creditors, it is of sufficient value to the debtor himself to have it protected under the homestead law. The prevailing view appears to be that possession is sufficient to give the possessor a right against all the world except the true owner or one having a better title. For collection of cases see note in 89 A.L.R. pp. 511, 518 and the recent case of Panagopulos v. Manning, 1937, 93 Utah 198, 69 P.2d 614.

■ We do not consider that there is any merit to appellant's contention that appellee conveyed by grant her claim of homestead in the original deed to her grantee, Tomeny. Appellants call our attention to 24-504, supra, to the effect that a homestead may be abandoned by declaration of abandonment or waiver or by grant thereof. The grant in this case was not for the benefit of creditors; it was for the benefit of the grantee. Appellants say that the deed was fraudulent and ineffective and therefore the title and property is in the appellee (grantor) and that they are entitled

to have it. This in the face of the statute which exempts the property from attachment, execution and forced sale and from sale under any judgment or lien existing prior to the recording of the claimant exemption. Section 24-503, supra.

We are of the opinion that appellee's possession was a sufficient predicate for her declaration of homestead.

The judgment of the lower court is affirmed.

STANFORD, C. J., and MORGAN, J., concurring.