**Matter of HIGH–LOW TANK CAR SERVICE STATIONS, Inc., Bankrupt-Appellee.**

**Petition of Philip SLAN, George Slan and Max Schmetter, Petitioners-Appellants.**

**No. 12227.**

United States Court of Appeals Seventh Circuit.

April 24, 1958.

Adolph L. Haas, Freeman & Freeman, Benjamin Nelson, Adolph L. Haas, Chicago, Ill., Benjamin Nelson, Earl Freeman, Chicago, Ill., of counsel, for appellants.

Leonard Gesas, Michael Gesas, Chicago, Ill., Michael Gesas, Chicago, Ill., of counsel, for bankrupt.

Before DUFFY, Chief Judge, and SCHNACKENBERG and HASTINGS, Circuit Judges.

DUFFY, Chief Judge.

High-Low Tank Car Service Stations, Inc., hereinafter called "High-Low," filed a voluntary petition in bankruptcy on September 27, 1957. An order of adjudication was entered on the same day, and a general reference was made. On October 2, 1957, petitioners filed their petition to vacate the order of adjudication and to dismiss the voluntary petition in bankruptcy. On November 25, 1957, the District Judge entered an order denying said petition to vacate and dismiss, and appointed a receiver. This appeal is from that order.

The petition to vacate and dismiss alleged that the bankruptcy petition was filed without corporate authority, and was an attempt by fraud and deception to avoid the terms and provisions of a decree which had been entered in a described state-court litigation.

In 1951, a suit was commenced by petitioners in the Superior Court of Cook County, Illinois, against Albert Johnson, Edwin Johnson, High-Low (the bankrupt herein) and Economy Service Stations, Inc. A decree was entered to the effect that each of the three petitioners, as plaintiffs therein, were the owners of 25% of the capital stock of High-Low, and that Albert Johnson and Edwin Johnson together were owners of the other 25% of the stock. An accounting was ordered. This decree was affirmed by the Appellate Court of Illinois for the First Division. Leave to appeal to the Supreme Court of Illinois was denied. The mandate of the Appellate Court was filed in the Superior Court of Cook County on September 25, 1957. Two days later, the petition in bankruptcy herein was filed. Petitioners did not consent to the filing of the bankruptcy petition, nor did they know of the contemplated filing thereof.

The Johnsons named in the state-court litigation are father and son and were in control of the operation of High-Low during the six-year period during which the litigation was conducted in the state courts. Petitioners assert that when the Johnsons realized they could no longer control High-Low as they owned but 25% of the stock, they caused the petition in bankruptcy to be filed in order to frustrate the state-court decree. Petitioners claim also the filing of the petition was a gross fraud upon the Bankruptcy Court. Petitioners see something sinister in the schedule of creditors which was later filed, where the principal creditors listed were the Johnsons or corporations controlled by them.

On September 20, 1957, the Board of Directors of High-Low authorized the filing of the voluntary petition in bankruptcy. This Board of Directors had been elected on July 7, 1955, and they and the officers of High-Low held over as such directors and officers until the date of the filing of the bankruptcy petition.

High-Low is an Illinois corporation and Illinois law is applicable. The directors of a corporation hold office until their successors are elected and qualified (1957 Ill.Rev.Stats. Chap. 32, Sec. 157.-34). The affairs of a corporation shall be managed by its Board of Directors

(1957 Ill.Rev.Stats. Chap. 32, Sec. 157.-33).

Petitioners cite Sec. 72 of the Business Corporation Act (1957 Ill.Rev.Stats. Chap. 32, Sec. 157.72), which provides that a sale, lease, exchange, mortgage, pledge or "other disposition" of all or substantially all of the property of a corporation shall be submitted to a vote at a meeting of the shareholders of the corporation. Petitioners urge that "other disposition" includes the filing of a voluntary petition in bankruptcy.

In Royal Indemnity Co. v. American Bond & Mortgage Co., 289 U.S. 165, at pages 170 and 171, 53 S.Ct. 551, at page 554, 77 L.Ed. 1100 (affirming American Bond & Mortgage Co., Royal Indemnity Co., v. American Bond & Mortgage Co., 7 Cir., 61 F.2d 875), the Court said: " * * * But it is said that the filing of such a petition is a conveyance of all of the corporate property, and so plainly within the statutory prohibition. We cannot agree. The petition in a voluntary or involuntary proceeding is a pleading. The entry of an adjudication vests title in the trustee, and this is the act of the court, not of the petitioner. Moreover, it seems too plain to need elaboration that the statute does not in terms affect the initiation of a bankruptcy proceeding, and was passed for a wholly different purpose."

The Maine statute, referred to in the Royal Indemnity case, provided that a corporation shall not sell, lease, consolidate or in any manner part with its franchise or its entire property except with the consent of the stockholders. We think the words "in any manner" in the Maine statute are equivalent to the words "or other disposition" as used in the Illinois statute. We hold the filing of the voluntary petition in bankruptcy herein was duly authorized by High-Low.

■ Petitioners claim fraud in filing the petition is established by the following circumstances. By the state court decree, petitioners, as the owners of 75% of the stock of High-Low, could have elected a new board of directors and could have thus controlled the affairs of the corporation. However, before petitioners had the opportunity to effectuate the change in control, the Johnsons, representing a minor interest, made the state-court decree meaningless by placing High-Low in bankruptcy.

On the oral argument in this Court, petitioners' counsel questioned the validity of the claims filed by the Johnsons and by companies controlled by them. He also stated that the state court Chancellor would not turn over to his clients the stock certificates which they owned, and that the reason for such action was the pending bankruptcy proceeding. It was also contended in the briefs as well as on oral argument, that a lease made with Burnrite Fuels Company, Inc. is not advantageous to High-Low, and that Burnrite is another company controlled by the Johnsons.

We may assume that the filing of the mandate in the state court speeded up the filing of the petition in bankruptcy. We may further assume that the Johnsons considered that it would be some advantage to them to have the bankruptcy petition filed. However, the petition in bankruptcy alleged High-Low was insolvent and had liabilities of $60,306.03 and assets of $38,110.44. *Prima facie,* the situation is one for a bankruptcy court. If there are various claims back and forth between High-Low, the Johnsons and the petitioners, it is well to have them all in one forum. A court of bankruptcy has broad powers to investigate and determine claims in favor of and against a bankrupt. There would seem to be no basis for the Chancellor retaining the stock certificates which the petitioners are entitled to possess. If the lease to Burnrite is burdensome, the bankruptcy court can remedy that situation.

Under all the circumstances of this case, we do not think the filing of the voluntary petition in bankruptcy worked a fraud on the United States District Court, or upon the Superior Court of Cook County, or upon petitioners. It probably will be to the advantage of all

concerned to have the various matters of dispute settled in one forum. The Bankruptcy Court can and should afford a prompt hearing in this case.

Affirmed.