Amanda SCHULTZ, Trustee of the Estates of Louis P. Mastrangelo and Frances L. Mastrangelo, bankrupts, Appellant,

v.

Louis P. MASTRANGELO and Frances L. Mastrangelo, Appellees.

No. 18873.

United States Court of Appeals
Ninth Circuit.

June 23, 1964.

Clague Van Slyke, Tucson, Ariz., for appellant.

Bernard Weinstein, Tucson, Ariz., for appellee.

Before ORR, HAMLEY and BROWNING, Circuit Judges.

BROWNING, Circuit Judge.

The appellees, husband and wife, filed a voluntary petition in bankruptcy on August 14, 1962, and were adjudicated bankrupts on the same day. Schedules attached to the petition claimed exemption of certain real property as a homestead. Two days after the filing and adjudication, the appellees recorded a declaration of homestead with respect to the property in accordance with Arizona statutes. The trustee determined the property was not exempt. The referee and district court held to the contrary, and the trustee appealed.

The issue, as the trustee presents it, is whether "the Declaration of Homestead [must] be recorded * * * prior to the adjudication of bankruptcy for it to be effective against the Trustee * * *."

In Myers v. Matley, 318 U.S. 622, 63 S.Ct. 780, 87 L.Ed. 1043 (1943), the Supreme Court held that a declaration of homestead is good as against the trustee in bankruptcy though recorded after filing of the petition in bankruptcy if, under state law, the "declaration of homestead would be effective as against a creditor to prevent a judicial sale of the property if made and recorded after levy but before sale thereunder." 318 U.S. at 627, 63 S.Ct. at 783.

We therefore turn to Arizona law.

The applicable Arizona statute [Arizona Revised Statutes § 33–1103 (Supp. 1963)] provides: "The homestead, from the date of recording the claim, is exempt from attachment, execution and forced sale, and from sale under a judgment or lien existing prior to recording the claim * * *," and "a sale * * * made after the claim of homestead is recorded is invalid and does not convey an interest in the homestead, whether made under a judgment existing before or after recording of the claim."

Giving this language its apparent meaning, the Arizona Supreme Court has said that under section 33–1103 "[t]he person entitled to a homestead may exercise his option to claim it at any time before or after levy of execution thereon, up to the hour of sale." First Nat'l Bank of Mesa v. Reeves, 27 Ariz. 508, 516, 234 P. 556, 559 (1925). The same understanding of the effect of the Arizona statute is expressed in Seaney v. Molling, 62 Ariz. 81, 86, 153 P.2d 532, 533 (1944); Schreiber v. Hill, 54 Ariz. 345, 349, 95 P.2d 566, 568 (1939); and Mounce v. Wightman, 29 Ariz. 567, 571–572, 243 P. 415, 416–417, 44 A.L.R. 754 (1926). In Ferguson v. Roberts, 64 Ariz. 357, 361–362, 170 P.2d 855, 858 (1946), the Supreme Court of Arizona explicitly held that under section 33–1103 the recording of a declaration of home-

stead after levy voided a subsequent sheriff's sale.

In view of the language of section 33–1103 and the interpretation placed upon it by the Arizona Supreme Court, commentators agree that Arizona law allows a debtor to retain his homestead if he records his declaration prior to sale, though after levy; and therefore that an Arizona bankrupt may retain his homestead though he records his declaration after filing of the petition in bankruptcy, since under Myers v. Matley adjudication in bankruptcy is the equivalent of levy but not of sale. See, e. g., Note, Bankruptcy Exemptions: Critique and Suggestions, 68 Yale L.J. 1459, 1492 n. 205 (1959); Haskins, Homestead Exemptions, 63 Harv.L.Rev. 1289, 1298, 1316 (1950); Note, 43 Colum.L.Rev. 227, 228–29 nn. 10 & 12 (1943); Annot., Validity of Homestead Exemptions Filed after Bankruptcy, 145 A.L.R. 501, 504 (1943). Cf. 1 Collier on Bankruptcy ¶6.07 at 825 n. 8 (14th ed. 1962).

Our decisions in Georgouses v. Gillen, 24 F.2d 292 (9th Cir. 1928), and Finn v. Gilbert, 307 F.2d 380 (9th Cir. 1962), do not place a contrary construction upon Arizona law. Georgouses rested upon this court's mistaken reading of White v. Stump, 266 U.S. 310, 45 S.Ct. 103, 69 L.Ed. 301 (1924).[1] In Finn v. Gilbert, we held only that since Arizona law requires recording to finally perfect a claim of homestead, a voluntary conveyance of the property by the claimant before recording frustrates the claim, for no interest remains in the claimant upon which a claim might be perfected.

Seizing upon the rule of Finn v. Gilbert (and the application of the same principle in Strahan v. Haynes, 33 Ariz. 128, 262 P. 995 (1928)), the trustee argues that the appellees' voluntary petition in bankruptcy was, in effect, a vol-

---

1. Georgouses read White v. Stump as holding that where state law required homestead claims to be recorded, the homestead property was exempt in bankruptcy only if the recording occurred prior to the filing of the bankruptcy petition. This reading of White v. Stump was rejected by the Supreme Court in Myers v. Matley. See 318 U.S. at 628 n. 10, 63 S.Ct. 780.

untary conveyance by the appellees of the property claimed, and hence the subsequent recording was ineffective. We think the Arizona Supreme Court would find this argument unpersuasive.[2]

To analogize a voluntary petition in bankruptcy to a voluntary conveyance of the homestead property would permit a patent fiction to override reality. The appellees asserted the right to retain the homestead property as exempt in their petition for bankruptcy (as, indeed, they were required to do),[3] and thereafter vigorously resisted the trustee's efforts to claim the property. See Schreiber v. Hill, 54 Ariz. 345, 349, 95 P.2d 566, 568 (1939).

Moreover, the purpose of the Arizona homestead statute argues strongly against a construction which would make the validity of the homestead exemption in bankruptcy depend upon whether the bankruptcy petition was voluntary or involuntary. "The chief object of these laws is to shelter the family * * * and to maintain the stability and welfare of the state." Ferguson v. Roberts, 64 Ariz. 357, 361, 170 P.2d 855, 857–858 (1946). See also Schreiber v. Hill, 54 Ariz. 345, 348–350, 95 P.2d 566, 567 (1939); Mounce v. Wightman, 29 Ariz. 567, 571–572, 243 P. 415, 416–417 (1926).[4] This purpose would be frustrated if, simply because a bankruptcy

petition was voluntary rather than involuntary, the homestead property were required to pass to the trustee for distribution to the bankrupt's creditors, rendering it unavailable for the support of the bankrupt's family.

Affirmed.

2. In a voluntary proceeding the verified schedule claiming the exemption must be filed with the petition itself, subject only to a limited power in the court to grant an extension of time or permit amendment. 1 Collier on Bankruptcy ¶ 6.19 at 894–900 (14th ed. 1962).

3. The trustee's argument would clearly be unavailing if it were to be tested by federal law. Under the Bankruptcy Act the petition in bankruptcy is not a transfer but a pleading, and the trustee is vested with the bankrupt's title not by act of the parties but "by operation of law." § 70, sub. a. As the Supreme Court said in Royal Indem. Co. v. American Bond & Mortgage Co., 289 U.S. 165, 171, 53 S.Ct. 551, 77 L.Ed. 1100 (1933) : "The petition in a voluntary or involuntary proceeding is a pleading. The entry of an adjudication vests title in the trustee, and this is the act of the court, not of the petitioner."

See also In re High-Low Tank Car Serv. Stations, Inc., 254 F.2d 363, 365 (7th Cir. 1958). But, as the trustee in the present case properly assumes, federal law does not govern since the homestead exemption is a creature of state law, available in bankruptcy under § 6 of the Bankruptcy Act only if "prescribed by the State laws in force at the time of the filing of the petition * * *."

The State of Virginia has apparently adopted by statute the distinction upon which the trustee relies. In that State a homestead claim must be asserted before the filing of the bankruptcy petition if the proceeding is voluntary, but not if the bankruptcy is involuntary. 3 Remington on Bankruptcy § 1298.1 at 209 (Henderson rev. 1957).

4. 1 Collier on Bankruptcy ¶ 6.03 at 796–97 (14th ed. 1962) ; Haskins, Homestead Exemptions, 63 Harv.L.Rev. 1289 (1950).